UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                  :
MANMOHAN UTTARWAR,                                :
                                                  :              Case No.1:22-cv-8139-JMF
                               Plaintiff,         :
                                                  :
              - against -                         :
                                                  :
LAZARD ASSET MANAGEMENT LLC, and                  :
KERI TUSA,                                        :
                                                  :
                               Defendants.        :
                                                  :
-------------------------------------------------------------x

## STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

HONORABLE JESSE M. FURMAN:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a

"Party") request that this Court issue a protective order pursuant to Federal Rule of Civil

Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive

information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored

confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order - including without

limitation the Parties to this action (including their respective corporate parents, successors, and

assigns), their representatives, agents, experts and consultants, all third parties providing

discovery in this action, and all other interested persons with actual or constructive notice of this

Order - will adhere to the following terms, upon pain of contempt:

1.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits:

2.      The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

      (a)    previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

      (b)    previously non-disclosed material relating to ownership or control of any non-public company;

      (c)    previous]y non-disclosed business plans, product-development information, or marketing plans;

      (d)    any information of a personal or intimate nature regarding any individual; or

      (e)    any other category of information this Court subsequently affords confidential status.

3.      The Producing Party may designate as "Attorneys' Eyes Only" only the portion of such Discovery Material that it reasonably and in good faith believes consists of trade secrets or competitively sensitive business information, the disclosure of which is highly likely to cause significant harm to business of the designating party and/or its competitive position.

2

4.      With respect to the Confidential or Attorneys' Eyes Only portion of any

Discovery Material other than deposition transcripts and exhibits, the Producing Party or its

counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by:

(a) stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the

protected portion in a manner that will not interfere with legibility or audibility; and

(b) producing for future public use another copy of said Discovery Material with the confidential

information redacted.

5.      A Producing Party or its counsel may designate deposition exhibits or portions of

deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record

during the deposition that a question calls for Confidential or Attorneys' Eyes Only information,

in which case the reporter will bind the transcript of the designated testimony in a separate

volume and mark it as "Confidential Information Governed by Protective Order" or "Attorney's

Eye Only Information Governed by Protective Order"; or (b) notifying the reporter and all

counsel of record, in writing, within 15 days after a deposition has concluded, of the specific

pages and lines of the transcript that are to be designated "Confidential" or "Attorney's Eye

Only", in which case all counsel receiving the transcript will be responsible for marking the

copies of the designated transcript in their possession or under their control as directed by the

Producing Party or that person's counsel. During the 15-day period following a deposition, all

Parties will treat the entire deposition transcript as if it had been designated Confidential.

6.      If at any time before the trial of this action a Producing Party realizes that it

should have designated as Confidential or Attorney's Eye Only some portion(s) of Discovery

Material that it previously produced without limitation, the Producing Party may so designate

such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons

3

subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Attorney's Eye Only.

7.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)    the Parties to this action, their insurers, and counsel to their insurers;

(b)    counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

3723285.2

(g)   any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)   stenographers or videographers engaged to transcribe depositions the Parties conduct in this action; and

(i)   this Court, including any appellate court, its support personnel, and court reporters.

(j)   any other person that the Producing Party may agree in writing may receive such information.

9.   Where a Producing Party has designated Discovery Material as Attorneys' Eyes Only, other persons subject to this Order may disclose such information only to the following persons:

(a)   counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(b)   outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(c)   any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(d)   any person a Party retains to serve as an expert witness or otherwise

provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     this Court, including any appellate court, its support personnel, and court reporters;

(f)     stenographers or videographers engaged to for depositions the Parties conduct in this action;

(g)     a Party's in-house counsel; and

(h)     any other person that the Producing Party may agree in writing may receive such information.

10.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), 8(g), 9(c), or 9(d) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.     In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying - on a particularized basis - the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings ... demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110,

6

120 (2d Cir. 2006).

12.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential or Attorneys' Eyes Only and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Attorneys' Eyes Only.

13.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

14.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

15.     If the Parties cannot reach agreement promptly on the Producing Party's designation of any Confidential Discovery Material as Attorneys' Eyes Only, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this

3723285.2

Court's Individual Practices.

16.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

17.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18.     Each person who has access to Discovery Material designated as Confidential or Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19.     If, in connection with this litigation, a party inadvertently produces or discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed to a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

20.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party

3723285.2

shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed.

21.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

22.     The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

23.     The disclosing party retains the burden of proof of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

24.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, under the circumstances as set forth in the rule, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

25.     Within 60 days of the final disposition of this action - including all appeals - all recipients of Confidential Discovery Material must destroy such material, including all copies thereof.  By the 60-day deadline, the recipient must certify its destruction by submitting a written

certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

26.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

27.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

3723285.2

SO STIPULATED AND AGREED.

BALLON STOLL P.C.

FRIEDMAN KAPLAN SEILER
  ADELMAN  & ROBBINS LLP


s/ Edward M. Tobin
By: Edward M. Tobin
etobin@ballonstoll.com
810 Seventh Avenue, Suite 405
New York NY 10019
(212) 575-7900

*Attorneys for Plaintiff*

s/ Lance J. Gotko
By: Lance J. Gotko
lgotko@fklaw.com
Anne E. Beaumont
abeaumont@fklaw.com
7 Times Square
New York, NY 10036

*Attorneys for Defendants*


May 11, 2023
Dated: New York, New York

SO ORDERED.

Honorable Jesse M. Furman
United States District Judge


This stipulation binds the parties to treat as confidential the documents so
classified.  This Court, however, has not reviewed the documents referenced
herein; therefore, by so ordering this stipulation, the Court makes no finding as to
whether the documents are confidential.  That finding will be made, if ever, upon
a document-by-document review pursuant to the procedures set forth in the
Court's Individual Rules and Practices and subject to the presumption in favor of
public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of
Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not
"so order" any provision to the extent that it purports to authorize the parties to
file documents under seal without a prior court order.  *See New York ex rel.
Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170
(S.D.N.Y. July 19, 2019).

11

3723285.2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                       :

MANMOHAN UTTARWAR,               :
                                                       :     Docket No.1:22-cv-8139-JMF
                        Plaintiff,      :
                                                    :     **<u>NON-DISCLOSURE AGREEMENT</u>**
           - against -             :
                                                        :

LAZARD ASSET MANAGEMENT LLC, and   :
KERI TUSA,                               :
                                                       :
                      Defendants.      :
                                                       :
-------------------------------------------------------------x

       I, _____, acknowledge that I have read and understand the Protective Order

in this action governing the non-disclosure of those portions of Discovery Material that have

been designated as Confidential or Attorneys' Eyes Only (collectively, "Confidential Discovery

Material"). I agree that I will not disclose such Confidential Discovery Material to anyone other

than for purposes of this litigation and that at the conclusion of the litigation I will return all

discovery information to the Party or attorney from whom I received it. By acknowledging these

obligations under the Protective Order, I understand that I am submitting myself to the

jurisdiction of the United States District Court for the Southern District of New York for the

purpose of any issue or dispute arising hereunder and that my willful violation of any term of the

Protective Order could subject me to punishment for contempt of Court.


                                        _____

                                        Dated: