

LANCE J. GOTKO
lgotko@fklaw.com
212.833.1115

August 7, 2023

VIA ECF

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Manmohan Uttarwar v. Lazard Asset Management LLC et al.*,
                No. 22-CV-8139 (JMF)

Dear Judge Furman:

      This firm represents defendants Lazard Asset Management LLC ("LAM") and Keri Tusa (together with LAM, the "Defendants") in the above-captioned case. We write pursuant to Rule 7.B and C of the Court's Individual Rules and Practices in Civil Cases, to respectfully request leave to file two exhibits with redactions in connection with Defendants' Motion for Summary Judgment, which is being filed contemporaneously with this letter-motion.

      Defendants seek leave to file in redacted form Exhibits 9 and 10 to the Declaration of Lance J. Gotko, dated August 7, 2023. The portions of these exhibits that Defendants propose to redact contain highly confidential and competitively sensitive information regarding LAM's 2019 reduction in force and certain aspects of compensation offered in connection therewith. When Defendants produced these documents in discovery, they designated both of them as "Confidential" pursuant to the Protective Order in this case. (*See* Dkt. No. 29.)

      While these two exhibits are "judicial documents" to which a presumption of public access applies, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), that presumption is to be balanced against countervailing factors, such as whether the materials at issue contain sensitive and proprietary information. *See, e.g., Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016). Information concerning human resources matters, particularly employment termination, as well as associated compensation and related negotiations, has been found to be appropriate for limited redaction. *See, e.g., Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706-07 (S.D.N.Y. 2017) (allowing redaction of average and individual compensation information from summary judgment record, due to risk of competitive harm); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing redaction of

The Honorable Jesse M. Furman     - 2 -                    August 7, 2023

"sensitive personal information").  Here, the proposed redactions will be extremely narrowly tailored – they would apply only to four references to specific monetary amounts across the two documents.

   Defendants contacted Plaintiff's counsel prior to filing this letter motion to seek his consent to file these documents under seal, but were unable to obtain his position prior to the date of filing.  We are available at the Court's convenience to discuss this application.

             Respectfully submitted,

             Lance J. Gotko

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion.  To the extent that Plaintiff believes the documents should not be sealed/redacted, he shall file a letter to that effect within three business days of this endorsement.

The Clerk of Court is directed to terminate ECF No. 44.

             SO ORDERED.

             August 8, 2023