UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANMOHAN UTTARWAR,

                    *Plaintiff*,

        -against-

                                Case: 1:22-cv-08139 (JMF)

LAZARD ASSET MANAGEMENT LLC,
and KERI TUSA,

                    *Defendants*.
------------------------------------------------------------X

---

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

**BALLON STOLL P.C**.
*Attorneys for Plaintiff Manmohan Uttarwar*
810 Seventh Avenue – Suite 405
New York, New York 10019
Telephone: 212-575-7900
Facsimile: 212-764-5060

On the Brief:

Marshall B. Bellovin, Esq. (MB5508)

## TABLES OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................ii

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FAITH.....................................................................................................1

ARGUMENT.........................................................................................................................1

STANDARD ON A MOTION FOR SUMMARY JUDGMENT ..................................................1

POINT I ................................................................................................................................2

    SUMMARY JUDGMENT MUST BE DENIED AGAINST PLAINTIFF'S SHRL,
    CHRL AND FMLA DISCRIMINATION AND RETALIATION CLAIMS ...........................2

      1.  A REASONABLE JURY COULD FIND *PRIMA FACIE*
          DISCRIMINATION UNDER THE SHRL AND CHRL ...................................2

         A.  A Reasonable Jury Could Find Plaintiff Suffered Multiple Adverse
             Employment Actions ...................................................................3

         B.  A Reasonable Jury Could Find Circumstances Giving Rise To An Inference of
             Discrimination Animus ...............................................................5

      2.  A REASONABLE JURY COULD FIND *PRIMA FACIE* RETALIATION
          UNDER THE FMLA, SHRL AND CHRL ...................................................8

      3.  DEFENDANTS PROVIDED ILLEGITMATE, PRETEXTUAL REASONS
          FOR THEIR ADVERSE ACTIONS ...............................................................9

POINT II ..............................................................................................................................11

    SUMMARY JUDGMENT MUST BE DENIED AGAINST PLAINTIFF'S
    HOSTILE WORK ENVIRONMENT CLAIMS UNDER THE SHRL AND CHRL ...............11

POINT III.............................................................................................................................13

    SUMMARY JUDGMENT SHOULD BE DENIED AS TO PLAINTIFF'S
    CLAIMS FOR BACKPAY AND/OR FRONTPAY DAMAGES ...........................................13

CONCLUSION.....................................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**<u>Federal Court Cases</u>**

*Adams v. City of New York*,
    837 F.Supp.2d 108 (E.D.N.Y. 2011) ................................................................. 12

*Allen v. Coughlin*,
    64 F.3d 77 (2d Cir. 1995) .................................................................................... 1

*AMTRAK v. Morgan*,
    536 U.S. 101 (2002) ......................................................................................... 12

*Aslin v. Univ. of Rochester*,
    No. 6:17-CV-06847, 2019 WL 4112130 (W.D.N.Y. Aug. 28, 2019) ................................. 4, 7

*Avillan v. Potter*,
    No. 04 Civ. 9019(PKC), 2006 WL 3103309 (S.D.N.Y. Nov. 1, 2006) .................................. 4

*Back v. Hastings on Hudson Union Free Sch. Dist.*,
    365 F.3d 107 (2d Cir. 2004) ........................................................................... 9, 10

*Bakeer v. Nippon Cargo Airlines, Co.*,
    No. 09 CV 3374, 2011 WL 3625103,  n., 47 (E.D.N.Y. July 25, 2011) ................................. 9

*Bandyopadhyay v. State Univ. of N.Y.*,
    No. 19-CV-6186 (PKC) (RLM), 2021 WL 1209420, at *12-13 (E.D.N.Y. Mar. 30,
    2021) ................................................................................................................ 6

*Belyea v. City of Glen Cove*,
    No. 20-CV-5675(MKB), 2022 WL 3586559 (E.D.N.Y. Aug. 22, 2022) ............................... 12

*Brenna v. Metropolitan Opera Assn.*,
    192 F.3d 310 (2d Cir. 1999) ............................................................................... 11

*Broadnax v. City of New Haven*,
    415 F. 3d 265 (2d Cir. 2005) .............................................................................. 13

*Brown v. Daikin Am., Inc.*,
    756 F.3d 219, 230 (2d Cir. 2014) ......................................................................... 6

*Buchanan v. City*,
    No. 21-Cv-660(SHS), 2021 WL 3726963 (S.D.N.Y. Aug. 23, 2021) .................................. 6

*Byrnie v. Town of Cromwell Bd. of Educ.*,
    243 F.3d 93 (2d Cir. 2001) ............................................................................... 11

*Carr v. Health Ins. Plan of Greater New York, Inc.*,
    111 F.Supp.2d 403 (S.D.N.Y. 2000) ...................................................................... 2

*Castaneda v. Partida*,
    430 U.S. 482 (1977) ........................................................................................... 7

*Castro v. Mitchell*,
    No. 09 Civ. 3754(WHP), 2011 U.S. Dist. LEXIS 101263 (S.D.N.Y. Aug. 25, 2011) ............. 4

*Chambers v. TRM Copy Centers Corp.*,
    43 F.3d 29 (2d Cir. 1994) .................................................................................... 1

*Choi v. Ferrellgas, Inc.*,
    No. 2:17-cv-3518 (ADS) (SIL), 2020 U.S. Dist. LEXIS 4603, at *23 (E.D.N.Y. Jan.
    10, 2020) ......................................................................................................... 3

*Craven v. City of New York*,
    No. 20-cv-8464(ER), 2023 U.S. Dist. LEXIS 72835 (S.D.N.Y. Apr. 26, 2023) ................... 3

*Cruz v. Coach Stores, Inc.*,
    202 F.3d 62 (2d Cir. 2000) ........................................................................... 11, 12

*Dailey v. Societe Generale*,
    108 F.3d 451 (2d Cir. 1997).................................................................................. 13, 14

*Danzer v. Norden Sys.*,
    151 F.3d 50 (2d Cir. 1998)........................................................................................ 11

*Dass v. C.U.N.Y.*,
    No. 18-CV-11325(VSB), 2020 U.S. Dist. LEXIS 70420 (S.D.N.Y. Apr. 21, 2020) ............... 8

*Davis-Cardwell v. Davis Polk & Wardwell LLP*,
    No. 1:19-cv-10256-GHW, 2020 U.S. Dist. LEXIS 198655 (S.D.N.Y. Oct. 24, 2020)............ 2

*Distasio v. Perkin Elmer Corp.*,
    157 F.3d 55 (2d Cir. 1998)........................................................................................ 12

*Dister v. Cont'l Grp. Inc.*,
    859 F.2d 1108 (2d Cir. 1988).................................................................................... 10

*Feingold v. New York*,
    366 F.3d 138 (2d Cir. 2004)................................................................................. 4, 13

*Govori v. Goat Fifty, L.L.C.*,
    519 F. App'x 732 (2d Cir. 2013) ................................................................................. 6

*Graham v. Long Island R.R.*,
    230 F.3d 34 (2d Cir. 2000)................................................................................... 6, 10

*Greenway v. Buffalo Hilton Hotel*,
    143 F.3d 47 (2d Cir. 1998)........................................................................................ 13

*Hall v. N. Bellmore Sch. Dist.*,
    55 F.Supp.3d 286 300 (E.D.N.Y. 2014) .................................................................... 10

*Harris v. Forklift Sys. Inc.*,
    510 U.S. 17 (1993)............................................................................................. 11, 12

*Hodgson v. City of New York*,
    No. 12 CV 1634(HB), 2013 WL 840874 (S.D.N.Y. Mar. 7, 2013) .......................................... 6

*Johnson v. New York City Board of Education*,
    No. 96 Civ. 4472(NGG), 2000 WL 1739308 (E.D.N.Y. Oct. 10, 2000).................................. 12

*Kessler v. Westchester Cty. Dep't of Soc. Servs.*,
    461 F.3d 199 (2d Cir. 2006).................................................................................... 3, 5

*Kirkland v. Cablevision Systems*,
    760 F.3d 223 (2d Cir. 2014)........................................................................................ 3

*Kwan v. Andalex Grp., LLC*,
    737 F.3d 834 (2d Cir. 2013)........................................................................................ 8

*Lacasse v. Lorillard Tobacco Co.*,
    No. CV 04-3737(SJF), 2008 U.S. Dist. LEXIS 141145 (E.D.N.Y. Oct. 17, 2008) ................. 8

*Lall v. City of N.Y.*,
    No. 17-CV-3609 (WFK) (LB), 2021 WL 848851, at *22 (E.D.N.Y. Mar. 5, 2021)................. 5

*Laudadio v. Johanns*,
    677 F.Supp.2d 590 (E.D.N.Y. 2010) ........................................................................... 8

*Levitant v. City of N.Y. Human Res. Admin.*,
    625 F.Supp.2d 85 (E.D.N.Y. 2008) .......................................................................... 13

*MacAlister v. Millenium Hotels & Resorts*,
    2018 U.S. Dist. LEXIS 191775 (S.D.N.Y. Nov. 8, 2018) ................................................. 5

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973)................................................................................................... 2

iii

*Oncale v. Sundowner Offshore Servs., Inc.*,
    523 U.S. 75 (1998)..........................................................................................................7
*Ottley-Cousin v. MMC Holdings, Inc.*,
    No. 16-CV-00577(MKB), 2019 U.S. Dist. LEXIS 76229 (E.D.N.Y. May 6, 2019) ...............4
*Papalia v. Milrose Consulatants, Inc.*,
    No. 09 Civ. 9257(NRB), 2011 WL 6937601 (S.D.N.Y. Dec. 29, 2011)..................................11
*Phillip v. Dep't of Sanitation*,
    No. 16-CV-2412(MKB), 2019 U.S. Dist. LEXIS 32590 (E.D.N.Y. Feb. 28, 2019)................3
*Phillips v. Bowen*,
    278 F.3d 103 (2d Cir. 2002)............................................................................................3
*Pierre v. AngioDynamics, Inc.*,
    No. 12-CV-834, 2013 WL 1292141 (N.D.N.Y. Mar. 26, 2013) ............................................4
*Raniola v. Bratton*,
    243 F.3d 610 (2d Cir. 2001).............................................................................................13
*Reeves v. Sanderson Plumbing Products, Inc.*,
    530 U.S. 133 (2000)........................................................................................................10
*Reilly v. Revlon, Inc.*,
    620 F.Supp.2d 524 (S.D.N.Y. 2009)..................................................................................9
*Renz v. Grey Advertising, Inc.*,
    135 F.3d 217 (2d Cir. 1997)..............................................................................................5
*Richardson v. N.Y. State Dep't of Corr. Serv.*,
    180 F.3d 426 (2d Cir. 1999).............................................................................................3
*Roge v. NYP Holdings, Inc.*,
    257 F.3d 164 (2d Cir. 2001).............................................................................................9
*Sista v. CDC Ixis N. Am., Inc.*,
    445 F.3d 161 (2d Cir. 2006)............................................................................................3
*Tomka v. Seiler Corp.*,
    66 F.3d 1295 (2d Cir. 1995).............................................................................................9
*Torres v. Pisano*,
    116 F.3d 625 (2d Cir. 1997)............................................................................................12
*Uddin v. City of N.Y.*,
    427 F.Supp.2d 414 (S.D.N.Y. 2006)..................................................................................5
*Vogel v. CA, Inc., Nos. 14-3723, 15-3797*,
    2016 WL 6242916 (2d Cir. October 25, 2016)....................................................................4
*Walker v. Rochester Tel. Corp.*,
    No. Civ. 90-1066L, 1992 U.S. Dist. LEXIS 12237 (W.D.N.Y. Apr. 14, 1992)....................10
*Wallen v. Teknavo Grp.*,
    No. 12-CV-6196-MKB-SJB, 2018 WL 1278317 (E.D.N.Y. Feb. 22, 2018) ...........................4
*Wanamaker v. Columbian Rope Co.*,
    108 F.3d 462 (2d Cir. 1997).............................................................................................5
*Wellner v. Montefiore Med. Ctr.*,
    No. 17 Civ. 3479, 2019 WL 4081898, *at n.*, 4 (S.D.N.Y. August 29, 2019) ...........................2
*Whidbee v. Gazarelli Food Specialties, Inc.*,
    223 F.3d 62 (2d Cir. 2000)..............................................................................................11
*Yarde v. Good Samaritan Hosp.*,
    360 F.Supp.2d 552 (S.D.N.Y. 2005)..................................................................................9

**<u>Federal Statutory Authorities</u>**

Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601 et seq .......................... 1, 2, 8

## PRELIMINARY STATEMENT

This action seeks to vindicate the rights of Plaintiff Manmohan Uttarwar ("Plaintiff"), a former employee at Lazard Asset Management LLC ("LAM") premised on Defendants LAM and Keri Tusa ("Tusa") (collectively "Defendants") acts of discrimination and harassment based on Plaintiff's religion, race, national origin, familial status, caregiver status, and Plaintiff's wife's pregnant and/or postpartum condition(s), as well as retaliation for complaining of discrimination and going on statutory parental leave in violation of the Family and Medical Leave Act of 1993 ("FMLA")*, 29 U.S.C. 2601 *et seq.*, the Executive Law of the State of New York, New York State Human Rights Law§ 296, *et seq.*, ("SHRL") and the Administrative Code of the City of New York, New York City Human Rights Law, § 8-101, *et seq.* ("CHRL").

Plaintiff respectfully submits this Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment.  For the reasons set forth herein, Defendants' Motion should be denied in its entirety.

## STATEMENT OF FACTS

The Court is respectfully referred to Plaintiff's Response to Defendants' Statement of Material Facts Pursuant to Local Civil Rule 56.1 for a statement of pertinent and material facts.

## ARGUMENT

## STANDARD ON A MOTION FOR SUMMARY JUDGMENT

A court must deny a summary judgment motion unless there is no genuine issue of material fact to dispute that the movant is entitled to a prevailing judgment as a matter of law. *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 36 (2d Cir. 1994).  A court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in its favor. *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995).  Summary judgment is ordinarily inappropriate in the

context of a discrimination case because the allegations usually require an exploration into an employer's true motivation and intent for making a particular employment decision. *Carr v. Health Ins. Plan of Greater New York, Inc*., 111 F.Supp.2d 403, 409 (S.D.N.Y. 2000).

### POINT I - SUMMARY JUDGMENT MUST BE DENIED AGAINST PLAINTIFF'S SHRL, CHRL, AND FMLA DISCRIMINATION AND RETALIATION CLAIMS

SHRL, CHRL, and FMLA discrimination and retaliation claims are analyzed under the burden-shifting framework applied for Title VII claims, except that the CHRL, and recently SHRL, are analyzed more favorably to employees. *See Wellner v. Montefiore Med. Ctr.*, No. 17 Civ. 3479 (KPF), 2019 WL 4081898, at n.4 (S.D.N.Y. August 29, 2019); *Davis-Cardwell v. Davis Polk & Wardwell LLP*, No. 1:19-cv-10256-GHW, 2020 U.S. Dist. LEXIS 198655, at *105-07 (S.D.N.Y. Oct. 24, 2020).   Under this framework, summary judgment must be denied against Plaintiff's claims unless Defendants can either (a) establish that no triable issue exists whether Plaintiff can satisfy all *prima facie* elements of his claims or (b) offer legitimate non-discriminatory/non-retaliatory reasons for their adverse conduct that no reasonable jury could find pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). As set forth below, Defendants can demonstrate neither (a) nor (b).

### 1. A REASONABLE JURY COULD FIND *PRIMA FACIE* DISCRIMINATION UNDER THE SHRL AND CHRL

An employee can satisfy the elements of a discrimination claim under the SHRL and CHRL if (1) they belonged to a protected group; (2) they were qualified for their position; (3) their employer took an adverse employment action against them; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Kirkland v.*

*Cablevision Systems*, 760 F.3d 223 (2d Cir. 2014).   Defendants contest only the latter two elements: adverse employment action and discriminatory animus. Defendants are wrong in each respect.

### A.  A Reasonable Jury Could Find Plaintiff Suffered Multiple Adverse Employment Actions

A plaintiff suffered adverse employment action if they endured "a materially adverse change in the terms and conditions of employment." *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 446 (2d Cir. 1999).  Even if no single action taken against a plaintiff could alone constitute an adverse employment action, nevertheless, a sequence of unfavorable actions can aggregate into adverse employment action. *Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir. 2002).

Here, Defendants do not—and cannot—dispute that Plaintiff's termination constituted an adverse employment action. D. MOL p. 12; *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006).  As such, Tusa's negative reviews relied on for said termination, including her 2018 and 2019 evaluations and September 3, 2019 email further criticizing Plaintiff's performance to decisionmakers, were themselves adverse actions, *see Phillip v. Dep't of Sanitation*, No. 16-CV-2412 (MKB), 2019 U.S. Dist. LEXIS 32590, at *18-19 (E.D.N.Y. Feb. 28, 2019) (collecting cases).

Furthermore, stripping Plaintiff of his managerial authority was adverse action. *See Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 209-10 (2d Cir. 2006) (finding an adverse employment action when plaintiff was stripped of certain managerial responsibilities); *accord Craven v. City of New York*, No. 20-cv-8464 (ER), 2023 U.S. Dist. LEXIS 72835, at *17 (S.D.N.Y. Apr. 26, 2023); *see also Choi v. Ferrellgas, Inc.*, No. 2:17-cv-3518 (ADS) (SIL), 2020 U.S. Dist. LEXIS 4603, at *23 (E.D.N.Y. Jan. 10, 2020) (holding diminished managerial authority constituted adverse employment action); *Ottley-Cousin v. MMC Holdings, Inc.*, No. 16-CV-00577

(MKB), 2019 U.S. Dist. LEXIS 76229, at *27 (E.D.N.Y. May 6, 2019) (same); *Pierre v. AngioDynamics, Inc.*, No. 12-CV-834, 2013 WL 1292141, at *5 (N.D.N.Y. Mar. 26, 2013) (same).

Assigning Plaintiff a disproportionate workload-to-resources ratio compared to his counterpart constituted adverse employment action. *See Feingold v. New York*, 366 F.3d 138, 152-53 (2d Cir. 2004) ("[plaintiff] experienced two adverse employment actions: the assignment of a disproportionately heavy workload, and termination."); *Castro v. Mitchell*, No. 09 Civ. 3754 (WHP), 2011 U.S. Dist. LEXIS 101263, at *13-14 (S.D.N.Y. Aug. 25, 2011) ("[plaintiff's] testimony indicates that even where specific tasks fell within his general job requirements, he was consistently assigned disproportionately more of these tasks than his coworkers.  This is sufficient to establish an adverse employment action."); *Avillan v. Potter*, No. 04 Civ. 9019 (PKC), 2006 WL 3103309, at *11 (S.D.N.Y. Nov. 1, 2006) (finding adverse employment action where plaintiff offered testimonial evidence that "custodial workers are each assigned a route, and that his supervisors give him additional areas on other laborers' routes, which results in more work for him and correspondingly less work for the benefited coworker").

Excluding Plaintiff from meetings constituted adverse employment actions. *See Wallen v. Teknavo Grp.*, No. 12-CV-6196-MKB-SJB, 2018 WL 1278317, at *39 (E.D.N.Y. Feb. 22, 2018) ("being excluded from [work-related] discussions . . . [and] three to four meetings provide context for [plaintiff's] case that he suffered an adverse employment action"); *Aslin v. Univ. of Rochester*, No. 6:17-CV-06847, 2019 WL 4112130, at *28 (W.D.N.Y. Aug. 28, 2019) ("excluding plaintiff from meetings she needed to attend in order to fulfill the obligations of her position [was] materially adverse") (quotations and alterations omitted).

Moreover, even if the above mistreatment other than Plaintiff's termination were not individually adverse, it could still aggregate into additional adverse action(s). *See Vogel v. CA,*

*Inc.*, Nos. 14-3723, 15-3797, 2016 WL 6242916, at *7-8 (2d Cir. October 25, 2016) (summary order) (holding plaintiff's testimony that employer was "hostile toward him on team conference calls, made jokes about him in front of his colleagues, and removed him from meetings . . . was sufficient to support a *prima facie* case that [the plaintiff] was subjected to adverse employment action"); *See Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) ("noting that an employee's loss of an office space can aggregate along with other negative actions into an adverse employment action); *MacAlister v. Millenium Hotels & Resorts*, 2018 U.S. Dist. LEXIS 191775, at *11 (S.D.N.Y. Nov. 8, 2018); (same); *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 210 (2d Cir. 2006) (holding exclusion from meetings and transfer to a position where plaintiff "would be forced to do work normally performed by clerical and lower-level personnel" was adverse employment action); *Uddin v. City of N.Y.*, 427 F.Supp.2d 414, 429 (S.D.N.Y. 2006) ("excessive scrutiny of an employee can contribute to a finding that an adverse employment action has taken place"); *Lall v. City of N.Y.*, No. 17-CV-3609 (WFK) (LB), 2021 WL 848851, at *22 (E.D.N.Y. Mar. 5, 2021) (finding reprimands, enhanced scrutiny, diminished responsibilities, and humiliation in front of peers aggregated into adverse action).

Accordingly, in summary there is at least a genuine issue of material fact whether Plaintiff suffered multiple adverse employment actions.

### B.  A Reasonable Jury Could Find Circumstances Giving Rise to An Inference of Discriminatory Animus

A *prima facie* showing of discriminatory animus can be established with circumstantial evidence from which it can reasonably be inferred that the plaintiff's protected status "played a motivating role in, or contributed to, the employer's decision" to take a particular adverse employment action. *Renz v. Grey Advertising, Inc.*, 135 F.3d 217, 222 (2d Cir. 1997).  Here, Plaintiff can establish two forms of circumstantial evidence that are each independently sufficient

to infer animus: preferential treatment of similarly situated employees outside Plaintiff's protected statuses ("comparators"), and the timing of discriminatory events. *See Govori v. Goat Fifty, L.L.C.*, 519 F. App'x 732, 734 (2d Cir. 2013) (summary order).

Sufficient evidence of preferential treatment of comparators exists in the record to infer animus as the above adverse treatment by Defendants was selectively applied against Plaintiff rather than his similarly situated coworker ("LaBadia") who was outside each of his protected categories. *See*, *e.g., Graham v. Long Island R.R.*, 230 F.3d 34, 42 (2d Cir. 2000) (holding a double standard gave rise to an inference of discriminatory animus).

Defendants claim LaBadia was insufficiently similarly situated to establish a triable issue of animus.  However, "[w]hether two employees are similarly situated ordinarily presents a question of fact for the jury." *Buchanan v. City*, No. 21-Cv-660 (SHS), 2021 WL 3726963, at *41, *n.9 (S.D.N.Y. Aug. 23, 2021); (quoting *Graham*, 230 F.3d at 39).  Moreover, Plaintiff and LaBadia held virtually identical roles, reported equally to the same supervisor, held the same job titles and positions, and were officially subject to the same disciplinary and performance standards. Ex. 1 ¶¶ 10, 14-20.  This is sufficiently similarly situated to survive summary judgment in the Second Circuit that "has 'backed away from a rigid interpretation' of the 'similarly situated' test." *Buchanan*, 2021 WL 3726963, at *41, *n.9 (quoting *Graham*, 230 F.3d at 39; *see also Hodgson v. City of New York*, No. 12 CV 1634 (HB), 2013 WL 840874, at *2-3 (S.D.N.Y. Mar. 7, 2013) (finding comparators similarly situated by being in the same unit as plaintiff); *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 222-223, 230 (2d Cir. 2014) (holding plaintiff and comparators were similarly situated because they had a common employer and were subject to the same supervisor, performance evaluation, and disciplinary standards); *Bandyopadhyay v. State Univ. of N.Y.*, No. 19-CV-6186 (PKC) (RLM), 2021 WL 1209420, at *12-13 (E.D.N.Y. Mar. 30, 2021)

(finding the fact that plaintiff and comparator were both in the same department was probative of the comparator being similarly situated to plaintiff).  Thus, Plaintiff can establish a triable issue of animus from preferential treatment of comparators.

As mentioned, the timing of events is an independently sufficient basis to create a question of fact as to discriminatory animus.  Specifically, within approximately two months after Plaintiff requested to go to his place of origin in India to attend a religious festival, Tusa issued his first negative review. Ex. 2 at 40:20-43:3; 56.1 ¶ 15; Ex. 1 ¶ 37. Tusa's negative email to management was also sent the day Plaintiff started his parental leave. Ex. 11; Ex. 1 ¶ 98. Also, Plaintiff was terminated while on that leave. Ex. 3 at 152:15-153:6; Ex. 1 ¶ 102.

These facts, when considered at least in aggregation, are sufficient as a matter of law to infer a material issue of fact as to discriminatory animus to be determined at trial.

Defendants argue that since Kasarabada was *one* of the decision makers in *one* of the adverse actions Plaintiff experienced (his termination) and was part of two out of the six protected categories Plaintiff is alleging discrimination under (race and age), this supposedly establishes a lack of discriminatory animus. (D. MOL pp. 17-18). However, the law is clear that members of the same group are capable of discriminatory animus against each other. *See*, *e.g.*, *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998) ("because of the many facets of human motivation, it would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of their group") (quotations omitted); *Castaneda v. Partida*, 430 U.S. 482, 500 (1977) (holding members of same race/national origin were capable of discriminatory animus against members of their same race/national origin).

Thus, there are at least genuine issues of material fact whether Plaintiff can establish he suffered adverse employment action under circumstances giving rise to an inference of

discrimination.  Therefore, there is at least a triable issue of whether Plaintiff can establish *prima facie* discrimination under the SHRL and CHRL.

### 2.   <u>A REASONABLE JURY COULD FIND PRIMA FACIE RETALIATION UNDER THE FMLA, SHRL, AND CHRL</u>

Plaintiff can satisfy the elements of *prima facie* retaliation under the SHRL, CHRL, and FMLA if there is a question of fact whether: (1) he engaged in protected activity, (2) he suffered adverse employment action, and (3) there is a causal link between the protected activity and the adverse action. *Laudadio v. Johanns*, 677 F.Supp.2d 590 (E.D.N.Y. 2010); *Dass v. C.U.N.Y.*, No. 18-CV-11325 (VSB), 2020 U.S. Dist. LEXIS 70420, at *26 (S.D.N.Y. Apr. 21, 2020).  This burden is *de minimis*. *Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 844 (2d Cir. 2013).

Here, Plaintiff's utilizing FMLA leave and complaints of discrimination to Kasarabada and Human Resources constituted protected activity.  Moreover, the actions that, as discussed above, a reasonable jury could find to constitute adverse employment action occurred within a sufficiently short temporal proximity to Plaintiff's participation in protected activity: Within a month of complaining in a meeting with HR and Tusa regarding discrimination, those same individuals were emailing each other about whether they "have enough" to terminate Plaintiff. 56.1 ¶ 22. Ex. 8; Ex. 1 ¶ 95.  Likewise, Tusa sent her September 3, 2019 negative email to management about Plaintiff the day he started leave and Plaintiff was terminated while on FMLA leave.  This is sufficient temporal proximity to establish a causal link. *See Lacasse v. Lorillard Tobacco Co.*, No. CV 04-3737 (SJF), 2008 U.S. Dist. LEXIS 141145, at *25-26 (E.D.N.Y. Oct. 17, 2008) ("in the absence of other evidence suggesting retaliation, a delay of 2-3 months [] can support an inference of causation"); *Yarde v. Good Samaritan Hosp.*, 360 F.Supp.2d 552, 562 (S.D.N.Y. 2005) ("Three months is on the outer edge of what courts in this circuit recognize as sufficiently proximate to

admit of an inference of causation."); *Corrigan v. LaBrum & Doak*, 1997 WL 76524 at *7 (finding temporal proximity from a gap "less than three months"); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1308 (2d Cir. 1995) (same).

Finally, contrary to Defendant's assertions, that they approved Plaintiff's FMLA and private leave is insufficient to disprove retaliatory animus. *Reilly v. Revlon, Inc.*, 620 F.Supp.2d 524, 543 (S.D.N.Y. 2009) ("Providing legally-required FMLA leave is not any sort of accommodation; it is a requirement of law.  Providing paid disability leave above and beyond the FMLA requirements is commendable, but providing benefits to a person who cannot work is not the same thing as making an accommodation in the workplace so the person can work.")

Accordingly, as a matter of law, triable issues of fact exists as to whether Plaintiff can establish retaliation and the instant motion should be denied in its entirety.

### 3.  DEFENDANTS PROVIDE ILLEGITIMATE, PRETEXTUAL REASONS FOR THEIR ADVERSE ACTIONS

After a plaintiff establishes a *prima facie* case of unlawful discrimination, under the next step of the burden-shifting framework applied to discrimination claims under the SHRl, CHRL, and FMLA, the burden of production shifts to the defendant who must proffer a legitimate, nondiscriminatory reason for the challenged employment action. *Bakeer v. Nippon Cargo Airlines, Co.*, No. 09 CV 3374 (RRM), 2011 WL 3625103, at *90 n.47 (E.D.N.Y. July 25, 2011).  Unless the defendant's proffered nondiscriminatory reason is dispositive and forecloses any issue of material fact, summary judgment is inappropriate. *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 123 (2d Cir. 2004).  It is up to the plaintiff to then prove that the reasons offered by the defendant were not true reasons but were a mere pretext for discrimination. *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001).

Here, Defendants simply deny rather than offer non-discriminatory reasons for all adverse employment actions described in Point I.1.A, *supra*, other than Plaintiff's termination. (D. MOL pp. 17-18). They have thus failed to meet their affirmative burden at this stage and summary judgment must be denied as a matter of law. *Back*, 365 F.3d at 123. Furthermore, Plaintiff can demonstrate that the reason Defendants offered for Plaintiff's termination was a pretext.

A plaintiff can establish pretext by presenting sufficient evidence that a reasonable jury could find that the employer's asserted reason for adverse action is false (*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000)), that the employer's proffered explanation is unworthy of credence (*Dister v. Cont'l Grp. Inc.*, 859 F.2d 1108, 1113 (2d Cir. 1988), or that the employer applied a double standard against Plaintiff. *Graham*, 230 F.3d at 43. Here, the record demonstrates that the purported reason provided by Defendants for Plaintiff's termination — performance reviews a (D. MOL pp. 20-21) — suffers from sufficient countervailing evidence for a reasonable jury to find pretext. As detailed in Plaintiff's counterstatement of facts, all performance issues raised by Tusa were frivolous, numerous other superiors other than Tusa conveyed overwhelmingly positive reviews of Plaintiff's performance, such reviewers mysteriously were omitted from Plaintiff's 2019 review in violation of procedure, Plaintiff was substantially more productive and qualified then LaBadia, and even assuming, *arguendo*, that there were performance issues from Plaintiff such issues would have been caused by disproportionate allocation of workload and resources between Plaintiff and LaBadia. Ex. 6.; Ex. 12; Ex. 24; Ex. 25; Ex. 26; Ex. 1 ¶¶ 38-101.

Thus, triable issues of fact exist of pretext. *See Walker v. Rochester Tel. Corp.*, No. Civ. 90-1066L, 1992 U.S. Dist. LEXIS 12237, at *19-20 (W.D.N.Y. Apr. 14, 1992); *Hall v. N. Bellmore Sch. Dist.*, 55 F.Supp.3d 286 300 (E.D.N.Y. 2014) (finding defendant's explanation that

it fired plaintiff for poor performance was a pretext for discrimination because defendant solicited negative performance reviews about plaintiff while ignoring the opinions of "other [superiors] who had positive things to say about [plaintiff]"); *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 106-07 (2d Cir. 2001) ("lack of evidence (and even countervailing evidence) of one of [defendants'] justifications might raise a material question about [their] real reason for [treating plaintiff adversely]"); *Papalia v. Milrose Consulatants, Inc.*, No. 09 Civ. 9257 (NRB), 2011 WL 6937601, at *34-35 (S.D.N.Y. Dec. 29, 2011) (finding pretext when defendant's justifications were contradicted by testimony); *Danzer v. Norden Sys.*, 151 F.3d 50, 56 (2d Cir. 1998) ("[defendant's] claims [regarding] the sudden deterioration in [plaintiff's] evaluations -- are disputed by plaintiff. As such, they do not support the defendants' motion for summary judgment.").

### POINT II - SUMMARY JUDGMENT MUST BE DENIED AGAINST PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS UNDER THE SHRL AND CHRL

The standard for demonstrating a hostile work environment is the same under the SHRL and CHRL. *Barbosa*, 716 F.Supp.2d at 217. "[A] work environment will be considered hostile if a reasonable person would have found it to be so and if the plaintiff subjectively so perceived it." *Brenna v. Metropolitan Opera Assn.*, 192 F.3d 310, 318 (2d Cir. 1999). Courts must consider whether "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the condition of the victim's employment." The severe or pervasive harassment must also be connected to discriminatory animus. *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21 (1993). Determining whether workplace harassment was severe or pervasive enough to be actionable depends on the totality of the circumstances. *Cruz v. Coach Stores, Inc.*, 202 F.3d 62, 69 (2d Cir. 2000). There is no minimum number of acts that Plaintiff must cite; a single incident may be enough. *Whidbee v. Gazarelli Food Specialties, Inc.*, 223 F.3d 62, 69 (2d

Cir. 2000).  Additionally, "the fact that the law requires harassment to be severe or pervasive before it can be actionable does not mean that employers are free from liability in all but the most egregious of cases." *Torres v. Pisano*, 116 F.3d 625, 632 (2d Cir. 1997).  Individual occurrences underlying hostile work environment claims should not be viewed "in isolation" or "in piecemeal fashion." *AMTRAK v. Morgan*, 536 U.S. 101, 116 (2002).

Rather, "[h]ostile work environment claims are evaluated by looking at all of the circumstances, which may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 at 23.  Offensive behavior does not need to be directed at individuals of the plaintiff's protected class for such remarks and behavior to support a claim for hostile work environment. *Cruz*, 202 F.3d at 70. Finally, under the CHRL, Plaintiff need not establish severe or pervasive conduct, Plaintiff need only establish mistreatment that is "worse than petty slights and trivial inconveniences." *Adams v. City of New York*, 837 F.Supp.2d 108, 128 (E.D.N.Y. 2011).

Here, as discussed, *supra*, Plaintiff can establish a triable issue of animus.  Moreover, Plaintiff can establish he was subject to severe/pervasive harassment by being excluded from numerous meetings, unfairly burdensome workloads, frivolous criticisms, and enhanced scrutiny. *See Belyea v. City of Glen Cove*, No. 20-CV-5675 (MKB), 2022 WL 3586559, at *30-31 (E.D.N.Y. Aug. 22, 2022) (finding sufficient "level of harassment necessary to support a hostile work environment claim" from defendant "excluding Plaintiff from meetings regarding matters for which she was directly responsible"); *Johnson v. New York City Board of Education*, No. 96 Civ. 4472 (NGG), 2000 WL 1739308, at *6 (E.D.N.Y. Oct. 10, 2000) (finding hostile work environment from increased scrutiny); *Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 62 (2d Cir.

1998) (finding hostile work environment from employer forcing plaintiff into undesirable roles); *Raniola v. Bratton*, 243 F.3d 610, 621 (2d Cir. 2001) (finding hostile work environment from discriminatory remarks, undesirable assignments, denied accommodations granted to other employees outside protected class, and undeserved discipline); *Levitant v. City of N.Y. Human Res. Admin.*, 625 F.Supp.2d 85, 100-01 (E.D.N.Y. 2008); (finding hostile work environment from, *inter alia*, increased scrutiny, and preferential treatment of comparators); *Feingold v. New York*, 366 F.3d 138, 151 (2d Cir. 2004) (finding a triable issue of hostile work environment from "one or two days of observation by [plaintiff's supervisor who] was 'hostile' and 'belligerent' and 'snapped at him, "I ain't nobody's teacher,"' when he requested assistance . . . [and] "the hostile treatment took a psychological toll on Plaintiff").

Thus, summary judgment must be denied as a triable issue exists whether Defendants subjected Plaintiff to a hostile work environment.

## POINT III - SUMMARY JUDGMENT SHOULD BE DENIED AS TO PLAINTIFF'S CLAIMS FOR BACKPAY AND/OR FRONTPAY DAMAGES

As Defendants acknowledge, "Generally, an employer seeking to avoid a lost wages award bears the burden of demonstrating that a plaintiff has failed to satisfy the duty to mitigate" by "establishing (1) that suitable work existed, and (2) that the employee did not make reasonable efforts to obtain it." *Broadnax v. City of New Haven*, 415 F. 3d 265, 268 (2d Cir. 2005) (quoting *Dailey v. Societe Generale*, 108 F.3d 451, 456 (2d Cir. 1997)). The employer "is [only] released from the duty to establish the availability of comparable employment if it can prove that the employee made no reasonable efforts to seek such employment.'" *Id.* (quoting *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 54 (2d Cir. 1998)).

Here, Defendants have utterly failed to meet this burden: Plaintiff has aggressively sought re-employment for years since his termination, partaking in approximately dozens of job

interviews, but has been unable to obtain same because he was terminated during the COVID-19 pandemic and shutdowns; and because comparable roles are rare and extremely coveted and competed for, and typically are obtained by working within a company for years rather than applying as an external job candidate. Ex. 3 at 63:18-71:12; Ex. 1 ¶ 105.  Job openings for comparable roles to the role Plaintiff had at LAM that were open to candidates outside the company, were typically not publicly posted; rather, candidates were selected by the outreach efforts of recruiters. Ex. 3 at 28:20-29:14; Ex. 1 ¶ 106.  Plaintiff, therefore, primarily corresponded with recruiters who had reached out to him on LinkedIn. Ex. 1 ¶ 106.  However, Plaintiff did also affirmatively apply to company's whenever he saw the job posting for a comparable role on LinkedIn. Ex 3 at 29:22-31:20; Ex. 1 ¶ 106.  Exit resources from LAM that would have helped Plaintiff find a new job were held contingent on Plaintiff signing a separation agreement containing a release of legal claims against LAM, which Plaintiff refused to sign. Ex. 1 ¶ 107.  Plaintiff's philosophy while searching for new employment has been as follows: At LAM, an approximately $300 Billion AUM firm in 2019, Plaintiff was already a Global Head of Trading Technology for Fixed Income, FX & Alternative Investments. Ex. 1 ¶ 108; Ex. 5.  Based on Plaintiff's research, he concluded that he was severely underpaid for his position at LAM. ; Ex. 1 ¶ 108; Ex. 14; Ex. 16.  Based on Plaintiff's research, the titles and roles Plaintiff was targeting were already publicly posted in seven figures in average, 50th, 75th & 90th percentile columns. Ex. 1 ¶ 108. Plaintiff, being a high-value talent and having concluded from his research that he was severely underpaid at LAM, wanted to be paid fairly and commensurate to his value and experience. Ex. 1 ¶ 109. Hence, he was upfront and honest from the start on what he wanted with recruiters so both sides invested time on roles that were pertinent from a title and compensation perspective. Ex. 1 ¶ 109.

Thus, summary judgment must be denied as to damages as well.

14

## <u>CONCLUSION</u>

For these reasons, Plaintiff respectfully requests that summary judgment be denied.

Dated: New York, New York
      October 13, 2023                               BALLON STOLL P.C.

                                By:    *s/Marshall Bellovin*
                                       Marshall Bellovin (MB5508)
                                       *Attorneys for Plaintiff*
                                       810 Seventh Ave. Suite 405
                                       New York, New York 10019
                                       212-575-7900