UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

MANMOHAN UTTARWAR,

                          Plaintiff,      :      No. 1:22-CV-8139 (DEH)

           - against -

LAZARD ASSET MANAGEMENT LLC and
KERI TUSA,

                      Defendants.

-------------------------------------------------------------x

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

October 25, 2023

                                       FRIEDMAN KAPLAN SEILER
                                        ADELMAN & ROBBINS LLP
                                     7 Times Square
                                   New York, NY  10036-6516
                                   (212) 833-1100

                                   *Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ..................................................................................................................... 1

I.  SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFF'S
    NYSHRL DISCRIMINATION CLAIMS AND FMLA RETALIATION CLAIM ............ 3

    A.  Plaintiff Fails to Prove a *Prima Facie* Claim of Discrimination or
        Retaliation ......................................................................................................... 3

    B.  Plaintiff Fails to Dispute That LAM Had Legitimate, Non-Discriminatory
        Reasons to Terminate Him .................................................................................. 6

    C.  There Is No Evidence That LAM's Reasons for Terminating Plaintiff
        Were Pretextual .................................................................................................. 6

II.  SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFF'S
     NYCHRL CLAIMS AND NYSHRL RETALIATION CLAIMS ................................... 8

III. SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFF'S
     HOSTILE WORK ENVIRONMENT CLAIMS ............................................................ 9

IV.  SUMMARY JUDGMENT SHOULD BE GRANTED AS TO PLAINTIFF'S
     CLAIMS FOR BACKPAY AND/OR FRONTPAY DAMAGES .................................. 10

CONCLUSION ................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abrams v. Dep't of Public Safety*,
764 F.3d 244 (2d Cir. 2014)........................................................................7

*Adams-Flores v. City of N.Y.*,
2023 WL 2266478 (S.D.N.Y. Feb. 28, 2023)...........................................8

*Arbercheski v. Oracle Corp.*,
650 F. Supp. 2d 309 (S.D.N.Y. 2009).....................................................10

*Aslin v. Univ. of Rochester*,
2019 WL 4112130 (W.D.N.Y. Aug. 28, 2019) ........................................3

*AT&T Corp. v. Syniverse Techs., Inc.*,
2014 WL 4412392 (S.D.N.Y. Sept. 8, 2014)...........................................6

*Bandyopadhyay v. State Univ. of N.Y.*,
2021 WL 1209420 (E.D.N.Y. Mar. 30, 2021) ..........................................5

*Belyea v. City of Glen Cove*,
2022 WL 3586559 (E.D.N.Y. Aug. 22, 2022)...........................................9

*Brown v. Daikin Am., Inc.*,
756 F.3d 219 (2d Cir. 2014)........................................................................4

*Buchanan v. City of N.Y.*,
556 F. Supp. 3d 346 (S.D.N.Y. 2021).......................................................4

*Burke v. Jacoby*,
981 F.2d 1372 (2d Cir. 1992)......................................................................2

*Bush v. Fordham Univ.*,
452 F. Supp. 2d 394 (S.D.N.Y. 2006).......................................................4

*Byrnie v. Town of Cromwell Bd. of Educ.*,
243 F.3d 93 (2d Cir. 2001)..........................................................................8

*Cardwell v. Davis Polk & Wardwell LLP*,
2023 WL 2049800 (S.D.N.Y. Feb. 16, 2023)...........................................7

*Catanzaro v. City of N.Y.*,
2011 WL 335648 (S.D.N.Y. Jan. 25, 2011) .............................................5

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986)........................................................................1

*Danzer v. Norden Sys., Inc.*,
 151 F.3d 50 (2d Cir. 1998)..............................................................8

*Delaney v. Bank of Am. Corp.*,
 766 F.3d 163 (2d Cir. 2014)............................................................6

*Feingold v. N.Y.*,
 366 F.3d 138 (2d Cir. 2004)............................................................9

*Feis v. United States*,
 394 F. App'x 797 (2d Cir. 2010).....................................................1

*Hall v. N. Bellmore Sch. Dist.*,
 55 F. Supp. 3d 286 (E.D.N.Y. 2014)..............................................8

*Harlen Assocs. v. Inc. Vill. of Mineola*,
 273 F.3d 494 (2d Cir. 2001)............................................................4

*Harris v. NYU Langone Med. Ctr.*,
 2013 WL 3487032 (S.D.N.Y. July 9, 2013)...................................9

*Hodgson v. City of N.Y.*,
 2013 WL 840874 (S.D.N.Y. Mar. 7, 2013) ...................................5

*Jeffreys v. City of N.Y.*,
 426 F.3d 549 (2d Cir. 2005)............................................................2

*Johnson v. N.Y.C. Board of Educ.*,
 2000 WL 1739308 (E.D.N.Y. Oct. 10, 2000).................................9

*Kirkland-Hudson v. Mount Vernon City Sch. Dist.*,
 2023 WL 2691622 (S.D.N.Y. Mar. 29, 2023) ...............................3

*Levitant v. City of N.Y. Hum. Res. Admin.*,
 625 F. Supp. 2d 85 (E.D.N.Y. 2008) .............................................9

*Maragh v. Roosevelt Island Operating Corp.*,
 2021 WL 3501238 (S.D.N.Y. Aug. 5, 2021)..................................2

*Martinez-Santiago v. Zurich N. Am. Ins. Co.*,
 2010 WL 184450 (S.D.N.Y. Jan. 20, 2010) ..................................5

*McKinney v. City of Middletown*,
 49 F.4th 730 (2d Cir. 2022) ...........................................................1

*McLee v. Chrysler Corp.*,
    38 F.3d 67 (2d Cir. 1994)..................................................................................1

*Meiri v. Dacon*,
    759 F.2d 989 (2d Cir. 1985)...............................................................................1

*Modica v. N.Y. City Dep't of Educ.*,
    2021 WL 3408587 (S.D.N.Y. Aug. 4, 2021)......................................................9

*Newsome v. IDB Capital Corp.*,
    2016 WL 1254393 (S.D.N.Y. Mar. 28, 2016)....................................................4

*Papalia v. Milrose Consultants, Inc.*,
    2011 WL 6937601 (S.D.N.Y. Dec. 29, 2011).....................................................8

*Phillip v. Dep't of Sanitation*,
    2019 WL 1004588 (E.D.N.Y. Feb. 28, 2019)....................................................3

*Porter v. Quarantillo*,
    722 F.3d 94 (2d Cir. 2013)..................................................................................7

*Raniola v. Bratton*,
    243 F.3d 610 (2d Cir. 2001)...............................................................................9

*Rochelle v. AutoZoners, LLC*,
    2023 WL 5935835 (S.D.N.Y. Sept. 12, 2023)...................................................5

*Sea Trade Mar. Corp. v. Coutsodontis*,
    2015 WL 4998638 (S.D.N.Y. Aug. 20, 2015)....................................................2

*Slattery v. Swiss Reins. Am. Corp.*,
    248 F.3d 87 (2d Cir. 2001)..................................................................................5

*Smalls v. Amazon.com Servs. LLC*,
    2022 WL 356432 (E.D.N.Y. Feb. 7, 2022).........................................................4

*Sotomayor v. City of N.Y.*,
    862 F. Supp. 2d 226 (E.D.N.Y. 2012) ...............................................................3

*Staff v. Pall Corp.*,
    233 F. Supp. 2d 516 (S.D.N.Y. 2002).................................................................3

*Szewczyk v. Saakian*,
    774 F. App'x 37 (2d Cir. 2019) .........................................................................8

*Vargas v. St. Luke's-Roosevelt Hosp. Ctr.*,
    2020 WL 2836824 (S.D.N.Y. June 1, 2020) ......................................................7

*Walker v. Rochester Tel. Corp.*,
    1992 WL 518685 (W.D.N.Y. Apr. 14, 1992) ........................................................8

*Wallen v. Teknavo Grp.*,
    2018 WL 1278317 (E.D.N.Y. Feb. 22, 2018)......................................................4

*Wanamaker v. Columbian Rope Co.*,
    108 F.3d 462 (2d Cir. 1997).................................................................................3

*Woolf v. Bloomberg L.P.*,
    2019 WL 1046656 (S.D.N.Y. Mar. 5, 2019) ......................................................4

*Ya-Chen Chen v. City Univ. of N.Y.*,
    805 F.3d 59 (2d Cir. 2015)...................................................................................8

*Ying Jing Gan v. City of N.Y.*,
    996 F.2d 522 (2d Cir. 1993)............................................................................1, 7

*Yoselovsky v. Assoc. Press*,
    917 F. Supp. 2d 262 (S.D.N.Y. 2013).................................................................6

*Zann Kwan v. Andalex Group LLC*,
    737 F.3d 834 (2d Cir. 2013).................................................................................5

**Rules**

Fed. R. Civ. P. 56........................................................................................... *passim*

Fed. R. Evid. 801 ....................................................................................................7

Local Civil Rule 56.1..............................................................................................1

## ARGUMENT

The "impression that summary judgment is unavailable to defendants in discrimination cases is unsupportable." *McLee v. Chrysler Corp.*, 38 F.3d 67, 68 (2d Cir. 1994). This is because "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to . . . other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985).

"Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also McKinney v. City of Middletown*, 49 F.4th 730, 738 (2d Cir. 2022). A nonmoving party cannot rely "simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 532 (2d Cir. 1993). Here, Plaintiff does not come close to establishing the necessary elements of his claims, and summary judgment should be granted in favor of Defendants as to all of them.

Further, Plaintiff's deficient (and untimely) 56.1 Counterstatement is impermissibly riddled with commentary and admits material facts that fully warrant summary judgment here. For example, Plaintiff's supervisors at LAM began encountering issues with his performance shortly after his employment began. (56.1 Counterstatement ¶ 16.) Plaintiff cites no evidence to contradict this fact. (*Id.*) It is thus deemed admitted.[1] Plaintiff's supervisor also

---

[1] The Court must decline "to 'consider as disputed any statement supported by admissible evidence to which Plaintiff objects, but does not support with evidence.'" *Feis v. United States*, 394 F. App'x 797, 799 (2d Cir. 2010); *see also* Local Civil Rule 56.1(d). The deficiencies in Plaintiff's Rule 56.1 Statement of Disputed Material Facts in Response to Defendants' Rule 56.1(a) statement of Material Facts (ECF No. 70) ("56.1 Counterstatement") are enumerated in Defendants' 56.1 Reply Statement (ECF No. 78) ("56.1 Reply").

received many complaints from employees across numerous LAM departments about Plaintiff's work. (*Id.* ¶ 27.) Plaintiff again cites no evidence to contradict this fact. (*Id.*) Instead, Plaintiff improperly attempts to manufacture a fact issue by claiming **he** never received such complaints. (*Id.*) Courts routinely grant summary judgment where, as here, "the undisputed facts reveal that there is an absence of sufficient proof as to [an] essential element of the claim." *Burke v. Jacoby*, 981 F.2d 1372, 1379 (2d Cir. 1992).

Lastly, with the exception of five documents[2] produced by Defendants, the material cited in Plaintiff's denials of Defendants' 56.1 Statement consists exclusively of his own deposition testimony and his own declaration in opposition to summary judgment which predominantly recites verbatim the allegations of Plaintiff's complaint. (*See* Exhibit A (ECF No. 77-1).) As the Second Circuit has explained, "[n]otwithstanding the general rule that district courts may not weigh evidence or assess the credibility of witnesses at the summary judgment stage, . . . where a plaintiff relie[s] almost exclusively on his own testimony" a district court may properly conclude, "in the course of determining whether there were any 'genuine issues of material fact,' that no reasonable jury could have credited [plaintiff's] testimony." *Jeffreys v. City of N.Y.*, 426 F.3d 549, 551 (2d Cir. 2005); *see also Maragh v. Roosevelt Island Operating Corp.*, 2021 WL 3501238, at *8 (S.D.N.Y. Aug. 5, 2021) ("[T]he plaintiff in *Jeffreys* offered the statements of others to corroborate his claims. Maragh does not even have that. Under these circumstances, no jury 'could reasonably find for the plaintiff.'"), *aff'd*, 2022 WL 14199384 (2d Cir. Oct. 25, 2022), *cert. denied*, 2023 WL 6378183 (U.S. Oct. 2, 2023).

---

[2] To the extent Plaintiff cites additional exhibits or declaration testimony in the Opposition that is not cited in his 56.1 Counterstatement, the Court should disregard it. *See Sea Trade Mar. Corp. v. Coutsodontis*, 2015 WL 4998638, at *4 (S.D.N.Y. Aug. 20, 2015) ("Judges are not like pigs, hunting for truffles buried in briefs or the record.").

**I.**

**SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFF'S**
**NYSHRL DISCRIMINATION CLAIMS AND FMLA RETALIATION CLAIM**

Plaintiff does not even attempt to marshal evidence to establish the elements of

each of his claims of discrimination and retaliation.

**A.**    **Plaintiff Fails to Prove a *Prima Facie* Claim of Discrimination or Retaliation**

Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for

Summary Judgment ("Opp.") (ECF No. 68) argues that the following actions constitute adverse

employment actions:  removing a plaintiff's subordinate, a disproportionate workload, and

exclusion from meetings.  (Opp. at 3-5.)  But as Defendants previously explained, none of these

constitutes an adverse employment action as a matter of law.  *See Staff v. Pall Corp.*, 233 F.

Supp. 2d 516, 532 (S.D.N.Y. 2002) (removing subordinate), *aff'd*, 76 F. App'x 366 (2d Cir.

2003); *Kirkland-Hudson v. Mount Vernon City Sch. Dist.*, 2023 WL 2691622, at *23 (S.D.N.Y.

Mar. 29, 2023) (exclusion from meetings); *Sotomayor v. City of N.Y.*, 862 F. Supp. 2d 226, 255

(E.D.N.Y. 2012) (additional workload and undesirable assignments).[3]

Plaintiff also offers no evidence that could support an inference of discriminatory

or retaliatory intent as required to prove a *prima facie* claim.  Plaintiff concedes there is no direct

evidence of discrimination and relies only on purported circumstantial evidence of (i) disparate

treatment compared to his former colleague LaBadia and (ii) temporal proximity to purported

protected activities or his termination.  (Opp. at 5-9.)  But Plaintiff does not come forth with

admissible evidence of either.

---

[3] Plaintiff's cases cited on this point either support summary judgment here or are inapposite.
*See, e.g.*, *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 467 (2d Cir. 1997) (affirming
summary judgment); *Aslin v. Univ. of Rochester*, 2019 WL 4112130, at *24 (W.D.N.Y. Aug. 28,
2019) (motion to dismiss decision); *Phillip v. Dep't of Sanitation*, 2019 WL 1004588, at *1
(E.D.N.Y. Feb. 28, 2019) (granting summary judgment).

**Disparate Treatment**:  Summary judgment is proper "where it is clear that no reasonable jury could find the similarly situated prong [of a disparate treatment claim] met." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 n.2 (2d Cir. 2001).  A plaintiff cannot rely exclusively on his own testimony to create a factual issue regarding disparate treatment.  *See Wallen v. Teknavo Grp.*, 2018 WL 1278317, at *18 (E.D.N.Y. Feb. 22, 2018) ("[A]ll of the evidence about the differential treatment comes from Wallen's own testimony. . . .  Wallen's own testimony cannot create a genuine issue of fact."), *adopted in relevant part by*, 2019 WL 1435879 (E.D.N.Y. Mar. 30, 2019); *Newsome v. IDB Capital Corp.*, 2016 WL 1254393, at *17 (S.D.N.Y. Mar. 28, 2016) (similar).

The law is well settled that differences in seniority, managerial role, and performance reviews preclude employees from being similarly situated.  *See Smalls v. Amazon.com Servs. LLC*, 2022 WL 356432, at *6 (E.D.N.Y. Feb. 7, 2022) (managerial role), *aff'd,* 2022 WL 17491259 (2d Cir. Dec. 8, 2022); *Woolf v. Bloomberg L.P.*, 2019 WL 1046656, at *19 (S.D.N.Y. Mar. 5, 2019) (performance review), *aff'd*, 792 F. App'x 143 (2d Cir. 2020); *Bush v. Fordham Univ.*, 452 F. Supp. 2d 394, 410 (S.D.N.Y. 2006) (seniority).

Here, Plaintiff does not – and cannot – dispute with evidence that (i) LaBadia was senior to Plaintiff, (ii) LaBadia received positive performance reviews and Plaintiff did not, and (iii) LaBadia supervised other LAM employees and Plaintiff did not.  (*See* 56.1 Counterstatement ¶¶ 43, 62-70.)  Moreover, Plaintiff cites only his own testimony as purported evidence that he was treated disparately from LaBadia, (*see id.*), but that is insufficient, *see, e.g.*, *Newsome*, 2016 WL 1254393 at *17.[4]

---

[4] None of the cases Plaintiff cites alters this conclusion.  Three of Plaintiff's cases are motion to dismiss decisions which are inapposite where, as here, discovery has shown LaBadia and Plaintiff are not similarly situated.  *See Brown v. Daikin Am., Inc.*, 756 F.3d 219, 222-223, 230 (2d Cir. 2014); *Buchanan v. City of N.Y.*, 556 F. Supp. 3d 346, 352 (S.D.N.Y. 2021);

**Temporal Proximity**:  Plaintiff argues that he was retaliated against for taking

FMLA leave in August 2019 and for complaining about discriminatory treatment in July 2019.

(Opp. at 8-9.)[5]  But "temporal proximity alone is insufficient to establish a retaliatory motive

where other evidence erodes the causal connection between the protected activity and the

adverse employment action."  *Rochelle v. AutoZoners, LLC*, 2023 WL 5935835, at \*13

(S.D.N.Y. Sept. 12, 2023).  This is particularly true where, as here, Plaintiff has a documented

history of performance issues which long preceded any purported protected activity.  *See Slattery*

*v. Swiss Reins. Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) ("Where timing is the only basis for a

claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever

engaged in any protected activity, an inference of retaliation does not arise."); *Catanzaro v. City*

*of N.Y.,* 2011 WL 335648, at \*7 (S.D.N.Y. Jan. 25, 2011) (similar).

Here, Plaintiff either admits or fails to dispute with evidence that he had a

documented history of performance issues.  (*See* 56.1 Counterstatement ¶¶ 16 (no evidence to

dispute that Plaintiff's supervisors began encountering issues with his performance shortly after

he started at LAM in June 2018), 17 (admitting Plaintiff received a negative 2018 end-of-year

review in December 2018), 22 (admitting Defendants were discussing terminating Plaintiff's

employment as early as July 2019), 23 (admitting Plaintiff received a negative review in July

---

*Bandyopadhyay v. State Univ. of N.Y.*, 2021 WL 1209420, at \*12-13 (E.D.N.Y. Mar. 30, 2021).
The remaining case cited by Plaintiff involved an Equal Pay Act claim, which uses a different
standard of employee comparability.  *See Hodgson v. City of N.Y.*, 2013 WL 840874, at \*2-3
(S.D.N.Y. Mar. 7, 2013).

[5] Plaintiff in his opposition also appears to argue, for the first time, that he was retaliated or
discriminated against for requesting (and receiving approval for) a vacation to visit his parents in
India for Diwali.  (Opp. at 7.)  This allegation, which does not appear in the complaint or
Plaintiff's 56.1 Counterstatement, should be disregarded.  *See Zann Kwan v. Andalex Group*
*LLC*, 737 F.3d 834, 843 (2d Cir. 2013).  In any event, the fact that Tusa and LAM **granted**
Plaintiff's vacation request cuts against any inference of discrimination.  *See Martinez-Santiago*
*v. Zurich N. Am. Ins. Co.*, 2010 WL 184450, at \*9 (S.D.N.Y. Jan. 20, 2010) ("approval
of . . . request cuts against an inference of discriminatory circumstances").

2019).)  In sum, the undisputed record evidence demonstrates that Plaintiff's supervisors began

encountering issues with his performance which resulted in negative performance reviews long

before any purported protected activities or his termination.

**B.    Plaintiff Fails to Dispute That LAM Had Legitimate,
        Non-Discriminatory Reasons to Terminate Him**

Even if Plaintiff had established a *prima facie* case of discrimination or

retaliation, he does not (and cannot) dispute that Defendants have put forth evidence of two

legitimate, independent, and nondiscriminatory reasons for terminating his employment:  a

reduction in force ("RIF") and his documented poor work performance.

Performance issues constitute a legitimate, non-discriminatory reason for

terminating an employee, s*ee, e.g.*, *Yoselovsky v. Assoc. Press*, 917 F. Supp. 2d 262, 275-76

(S.D.N.Y. 2013), as does a RIF, *see, e.g.*, *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d

Cir. 2014).  Plaintiff does not address this previously cited caselaw, (*see* ECF No. 50 ("Defs.

Br.") at 15-16), and thus concedes the point, *see AT&T Corp. v. Syniverse Techs., Inc.*, 2014 WL

4412392, at *7 (S.D.N.Y. Sept. 8, 2014).  Plaintiff also fails to dispute with evidence that he was

terminated because of his performance issues and also as part of a RIF.[6]

**C.    There Is No Evidence That LAM's Reasons
        for Terminating Plaintiff Were Pretextual**

Plaintiff also fails to come forward with any evidence of pretext.  He argues that

his performance reviews "suffer[] from sufficient countervailing evidence for a reasonable jury

to find pretext."  (Opp. at 10.)  But a plaintiff's "disagreement with Defendants' evaluation of his

---

[6] (*See* 56.1 Counterstatement ¶¶ 16 (no evidence disputing that Kasarabada and Tusa began experiencing issues with Plaintiff's performance shortly after he was hired), 27 (no evidence disputing that Tusa received complaints about Plaintiff); 42 (no evidence disputing that Plaintiff was terminated as part of a RIF), 43 (no evidence disputing that Plaintiff was selected for termination in the RIF because of his poor performance); 44 (no evidence disputing that Kasarabada and Tusa made decision to terminate Plaintiff).)

performance and decision to terminate him is insufficient to establish pretext." *Cardwell v. Davis Polk & Wardwell LLP*, 2023 WL 2049800, at *21 (S.D.N.Y. Feb. 16, 2023).  Moreover, "[t]emporal proximity alone is not enough to establish pretext in this Circuit." *Abrams v. Dep't of Public Safety*, 764 F.3d 244, 254 (2d Cir. 2014).

Plaintiff cites to 63 paragraphs of his own declaration in opposition to summary judgment, arguing that Defendants' rationale for terminating him was pretextual because he disagrees with Defendants' assessment of his work performance.  (*See* Opp. at 10 (citing ECF No. 69-1 at ¶¶ 38-101).)  This is insufficient to survive summary judgment.  *See Cardwell*, 2023 WL 2049800 at *21.[7]  Plaintiff also cites five additional documents in arguing that Defendants' rationale for terminating him was pretextual.  (*See* Opp. at 10.)  None of these documents – only some of which are cited in Plaintiff's 56.1 Counterstatement – contradicts Defendants' stated reasons for terminating Plaintiff, as required to establish pretext.  (*See id.* (citing ECF No. 69-7 (plaintiff's negative 2018 end-of-year review); ECF No. 69-13 (August 2019 email thread with unclear relevance); ECF No. 69-25 (January 2019 email from LAM employee stating "Kudos to Keri, Eric, and Manmohan"); ECF No. 69-26 (January 2019 email stating "[m]any thanks Manmohan"); ECF No. 69-27 (July 2019 instant message thread with unclear relevance)).)

Lastly, Plaintiff argues the criticisms in his 2018 end-of-year and 2019 mid-year reviews – described in Tusa's sworn declaration – were false and baseless.  (56.1 Counterstatement ¶¶ 17-28.)  But a party opposing summary judgment "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 532 (2d Cir. 1993); *see also Vargas v.*

---

[7] Many of the statements in Plaintiff's declaration are irrelevant for the additional reason that they are inadmissible hearsay.  (*See, e.g.,* ECF No. 69-1 ¶¶ 36, 40, 69.)  "[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013); *see also* Fed. R. Evid. 801(c).

*St. Luke's-Roosevelt Hosp. Ctr.,* 2020 WL 2836824, at *9 (S.D.N.Y. June 1, 2020).  This is particularly true given that Plaintiff implored Judge Furman to grant a discovery extension to take depositions, but neither noticed nor took any depositions – including of Tusa – after the extension was granted.  (ECF Nos. 26, 31; *see also* ECF No. 66 ¶ 10.)  Accordingly, Plaintiff has failed to show an issue of material fact regarding pretext.[8]

**II.**

**SUMMARY JUDGMENT SHOULD BE GRANTED ON**
**PLAINTIFF'S NYCHRL CLAIMS AND NYSHRL RETALIATION CLAIMS**

Like Plaintiff's other claims, his NYCHRL and NYSHRL claims also fail because Plaintiff offers no evidence that discrimination played any role in his termination.  "[S]ummary judgment is appropriate," even on NYCHRL and post-2018 NYSHRL claims, where "the record establishes as a matter of law that discrimination . . . play[ed] no role in the [Defendants'] actions."  *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 76 (2d Cir. 2015).  While this is a lenient standard, "a plaintiff still must show that the complained-of conduct is caused by a discriminatory motive."  *Adams-Flores v. City of N.Y.*, 2023 WL 2266478, at *3 (S.D.N.Y. Feb. 28, 2023).  Here, as discussed *supra* at pages 6-8, Plaintiff identifies no evidence that his termination or any other complained-of conduct was motivated by discriminatory animus. Absent such evidence – and even under the more lenient NYCHRL standard – Plaintiff's claims all fail.  *See, e.g.*, *Szewczyk v. Saakian*, 774 F. App'x 37, 40 (2d Cir. 2019).

---

[8] None of the cases Plaintiff cites involved factual circumstances remotely similar to those here. *See Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 106-07 (2d Cir. 2001) (intentional destruction of evidence by defendants); *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998) (dispute over whether plaintiff's job assignments changed prior to deterioration in performance evaluations); *Hall v. N. Bellmore Sch. Dist.*, 55 F. Supp. 3d 286, 300 (E.D.N.Y. 2014) (decisionmaker sought out negative reviews of plaintiff); *Papalia v. Milrose Consultants, Inc.*, 2011 WL 6937601, at *11 (S.D.N.Y. Dec. 29, 2011) (statement in age discrimination case that company "needed young and fresh professionals"); *Walker v. Rochester Tel. Corp.*, 1992 WL 518685, at *7 (W.D.N.Y. Apr. 14, 1992) (supervisor "continually made racially derogatory comments to" plaintiff).

### III.
### SUMMARY JUDGMENT SHOULD BE GRANTED ON
### PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS

To survive summary judgment on his hostile work environment claims, Plaintiff must present both evidence of a hostile work environment and also evidence "tending to show that actions that created the hostile work environment were taken against him because of a prohibited factor." *Harris v. NYU Langone Med. Ctr.*, 2013 WL 3487032, at *27 (S.D.N.Y. July 9, 2013). A plaintiff cannot "turn [his] discrete claims of discrimination and retaliation, string them together and call that a 'hostile work environment.'" *Modica v. N.Y. City Dep't of Educ.*, 2021 WL 3408587, at *7 (S.D.N.Y. Aug. 4, 2021). Plaintiff argues that he "can establish he was subject to severe/pervasive harassment," (Opp. at 12), but he does not offer any evidence to do so. First, as explained *infra* Sections I and II, Plaintiff offers no evidence that any purported hostile work environment was based on membership in a protected class. His hostile work environment claims therefore should be dismissed. *See, e.g.*, *Harris*, 2013 WL 3487032 at *27.

Moreover, the cases Plaintiff cites do not support denying summary judgment here. *See Feingold v. N.Y.*, 366 F.3d 138, 151 (2d Cir. 2004) ("belligerent" trainer); *Raniola v. Bratton*, 243 F.3d 610, 621 (2d Cir. 2001) ("offensive sex-based remarks . . . and one serious public threat of physical harm"); *Belyea v. City of Glen Cove*, 2022 WL 3586559, at *30-31 (E.D.N.Y. Aug. 22, 2022) (denying motion to dismiss); *Levitant v. City of N.Y. Hum. Res. Admin.*, 625 F. Supp. 2d 85, 101 (E.D.N.Y. 2008) ("insults referring to plaintiff's racial and/or national origin"); *Johnson v. N.Y.C. Board of Educ.*, 2000 WL 1739308, at *6 (E.D.N.Y. Oct. 10, 2000) (discussing adverse employment action (not hostile work environment) and granting summary judgment).

**IV.**
**SUMMARY JUDGMENT SHOULD BE GRANTED AS TO**
**PLAINTIFF'S CLAIMS FOR BACKPAY AND/OR FRONTPAY DAMAGES**

Plaintiff argues that Defendants have not met their burden of proving that Plaintiff has made no reasonable efforts to obtain employment, (Opp. at 13-14), but he cites no law for the proposition that his efforts were reasonable nor does he address the cases previously cited by Defendants holding that they were not, *see, e.g., Arbercheski v. Oracle Corp.*, 650 F. Supp. 2d 309, 314 (S.D.N.Y. 2009) (no reasonable efforts where plaintiff "took no steps to pursue employment comparable to [prior] positions").

Here, there is no dispute that Plaintiff has never held an executive title such as CTO or CIO, (56.1 Counterstatement ¶ 13), and that his 2018 salary at LAM was $260,000, (*id.* ¶¶ 5, 7).  Yet Plaintiff told recruiters more than a dozen times he was not interested in positions with compensation less than seven figures or positions other than "executive leadership roles." (*Id.* ¶ 55; *see also id.* ¶¶ 50-61 (admitting, failing to deny, or improperly denying "characterization" of Defendants' 56.1 Statements regarding Plaintiff's failure to mitigate).) Indeed, Plaintiff admits he "concluded that he was severely underpaid for his position at LAM," and thus was "targeting" only roles with "Seven Figure" compensation, which are by definition not comparable.  (*Id.* ¶ 55.)  In other words, Plaintiff admits he did not seek comparable employment, which is unreasonable as a matter of law.  (*See* Defs. Br. at 22-24.)

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter summary judgment in their favor on all claims in this action, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
        October 25, 2023

Respectfully submitted,

FRIEDMAN KAPLAN SEILER
  ADELMAN & ROBBINS LLP

*s/ Lance J. Gotko*
Lance J. Gotko
Anne E. Beaumont
Matt Tharp
7 Times Square
New York, NY  10036
(212) 833-1100
lgotko@fklaw.com
abeaumont@fklaw.com
mtharp@fklaw.com

*Attorneys for Defendants*