UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANMOHAN UTTARWAR,<br><br>                              Plaintiff,<br><br>                    v.<br><br>LAZARD ASSET MANAGEMENT LLC,<br>et al.,<br><br>                              Defendants. | 22 Civ. 8139 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court is a motion for sanctions filed by Defendants Lazard Asset Management

LLC and Keri Tusa ("Defendants") against Plaintiff Manmohan[1] Uttarwar ("Plaintiff" or

"Uttarwar").  Defendants ask the Court to (1) preclude Plaintiff from presenting evidence of

damages; (2) apply an adverse inference at summary judgment and/or at trial as to Plaintiff's

requested damages and unproduced evidence; and (3) grant Defendants' request for an award of

"their reasonable attorney's fees and costs in connection with bringing this motion, as well as the

fees and costs associated with Defendants' June 16, 2023 motion to compel and the July 7, 2023

deposition of Plaintiff, which this Court has already awarded."  Defs.' Mem. Supp. Sanctions

("Defs.' Br.") 3, ECF No. 46.  Since Defendants filed their motion, the Court has granted

Defendants' motion for summary judgment as to all Plaintiff's substantive claims and, in so

doing, denied Plaintiff's claims for backpay and/or front-pay damages.  *See* Summ. J. Order &

Op., ECF No. 81.  Accordingly, Defendants' first two sanctions requests are **DENIED** as moot.

---

[1] The Court adopts this spelling based on the parties' pleadings.  Plaintiff's name in this case is
docketed as "Mammohan" Uttarwar.

However, for the reasons discussed below, Defendants' application for reasonable attorneys' fees and costs related to this motion is **GRANTED**.

## BACKGROUND

The factual background of this case is described at length in the Court's Summary Judgment Order and Opinion. ECF No. 81. Familiarity with that background is assumed here. The history of Plaintiff's failure to comply with his discovery obligations follows.

Plaintiff filed his complaint in this action on September 23, 2022. *See* Compl., ECF No. 1. An Order of Automatic Referral to Mediation was entered on December 2, 2022, pursuant to which Plaintiff was required to produce certain discovery materials. Order Auto. Ref. Med., ECF No. 17. Plaintiff produced no relevant documents prior to the stated deadline. Gotko Decl. ¶ 4, ECF No. 47. On December 30, 2022, the Court entered a Rule 26(f)[2] scheduling order, pursuant to which fact discovery was to close on May 5, 2023. Scheduling Order ¶ 8(b), ECF No. 21.

After the parties' failed mediation efforts, on March 3, 2023, Defendants served their first requests for production of documents. Gotko Decl. Ex. 1, ECF No. 47-1. On April 10, 2023, Plaintiff's counsel served written objections and responses to Defendants' requests for production, stating in response to both requests that "[n]otwithstanding said objections and without waiver of same, Plaintiff responds that *all documents responsive to this request will be provided under separate cover.*" Gotko Decl. Ex. 2, at 2, ECF No. 47-2 (emphasis added). Plaintiff failed to provide any such documents (hereinafter, "responsive documents") by the May discovery deadline. Also on March 3, 2023, Defendants served interrogatories. Gotko Decl. Ex.

---

[2] All references to Rules are to the Federal Rules of Civil Procedure.

3, ECF No. 47-3.  Plaintiff's responses and objections to Defendants' interrogatories were required to be verified.  *See* Fed. R. Civ. P. 33(b)(5); *see also* Local Civ. R. 33.3(a).  On April 10, 2023, Plaintiff served only unverified responses and objections to Defendants' interrogatories.  *See* Gotko Decl. Ex. 4, at 5-6, ECF No. 47-4.

On May 17, 2023, during a status conference with the Court, Plaintiff's counsel requested an extension of time to complete fact discovery on the grounds that Plaintiff needed additional time to take fact depositions.  *See* May 17 Order, ECF No. 31.  The Court granted Plaintiff's request, extending the deadline to complete all discovery to June 16, 2023.  *Id.*  Plaintiff noticed no depositions and produced no responsive documents prior to the extended deadline.  Gotko Decl. ¶ 13.

The parties scheduled Uttarwar's deposition to take place on June 16, 2023.  Despite multiple follow-up requests by Defendants, and despite Plaintiff's counsel's own assurances that responsive documents were forthcoming, Plaintiff failed to produce any responsive documents prior to the deposition.  Gotko Decl. ¶¶ 14-21.  Two days before the scheduled deposition, Plaintiff's counsel represented that his client stated that he had no responsive documents and assured Defendants' counsel that he would provide an affidavit from Uttarwar so stating.  Plaintiff produced no such affidavit in advance of Uttarwar's deposition.  *Id.* at ¶¶ 22-23.

On June 16, 2023, during his deposition, Uttarwar admitted to possessing previously undisclosed documents responsive to Defendants' document requests and interrogatories.  *See* Defs.' Br. 6-7 (summarizing Plaintiff's admissions); Pl.'s Opp'n to Defs.' Mot. for Sanctions ("Pl.'s Opp'n") 7, ECF No. 67 (describing Uttarwar's failure to produce documents as inadvertent).  Immediately following the deposition, Defendants diligently filed a motion to compel production of the missing documents.  Mot. to Compel, ECF No. 35.  On June 22, 2023,

Plaintiff partially complied with Defendants' request by sending a group of responsive documents.  *See* Pl.'s Opp'n 4; Defs.' Br. 7.

On June 23, 2023, the parties appeared before the Court.  June 23 Order, ECF No. 38; June 23, 2023 Tr., ECF No. 42.  As agreed by both parties, the Court entered an order that, among other things, granted Defendants leave to take a second deposition of Uttarwar regarding the newly-produced documents.[3]  June 23 Order 1.  Finding Plaintiff's conduct to be "fairly outrageous and . . . fairly cavalier [regarding] plaintiff's discovery obligations," Tr. 12:9-13, the Court ordered that "Plaintiff shall bear all costs Defendants incurred by reason of his discovery violations, including the costs of the deposition, including attorneys' fees."  June 23 Order 1; *see also* Tr. 12:15-23.  The Court reminded Plaintiff that "to the extent that there are discovery issues remaining, it is obviously in Mr. Uttarwar's significant interest to cure them sooner rather than later," as any "remaining problems [with discovery] w[ould] be remedied through sanctions." Tr. 20:19-21:5.

Even after that admonition, Plaintiff waited another three and a half months, until October 10 and October 12, 2023[4]—i.e., six months after the deadline to respond to Defendants' interrogatories, four months after the close of fact discovery, and two months after Defendants moved for summary judgment and sanctions—to send Defendants some, but not all, of the documents identified in Defendants' motion to compel, as well as a verified interrogatory response that contained an entirely new damages calculation.  *See* Bellovin Decl. ¶ 29, ECF No.

---

[3] Notably, at Uttarwar's second deposition, Uttarwar disclosed for the first time that he had searched neither his personal laptop nor his personal email account for documents responsive to Defendants' discovery requests.  *See* Bellovin Decl. Ex. F, at 14:24-15:5, 38:4-8; 44:7-45:5, ECF No. 66-7.

[4] On October 11, 2023, the case was reassigned to the undersigned.  Notice of Reassignment, ECF No. 64.

66.  *Compare* Mot. to Compel *with* Uttarwar Financials, ECF Nos. 66-8 to 66-9, *and* Am.

Interrog. Resp., ECF No. 66-10.

## LEGAL STANDARDS

Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to impose sanctions

for discovery violations.  The Rule is "intended to encourage and enforce strict adherence to the

responsibilities counsel owe to the Court and to their opponents."  *Metro. Opera Ass'n v. Loc.*

*100, Hotel Emps. & Rest. Emps. Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003).[5]  The Court

has "broad discretion to determine whether plaintiff's conduct was sanctionable."  *Tse v. UBS*

*Fin. Servs., Inc.*, 568 F. Supp. 2d 274, 321 (S.D.N.Y. 2008).  As relevant here, "[m]onetary

sanctions are appropriate to punish the offending party for its actions and to deter the litigant's

conduct, sending the message that egregious conduct will not be tolerated."  *Green v.*

*McClendon*, 262 F.R.D. 284, 292 (S.D.N.Y. 2009).

"Monetary sanctions are the norm, not the exception, when a party is required to engage

in motion practice in order to obtain the discovery to which it is entitled."  *Cardwell v. Davis*

*Polk & Wardwell LLP*, No. 19 Civ. 10256, 2021 WL 2650371, at *2 (S.D.N.Y. June 28, 2021).

Thus, "it is generally appropriate, at a minimum, to require a party that has not complied with its

discovery obligations to pay the reasonable fees and costs incurred by the moving party in

seeking disclosure and[] *in seeking discovery sanctions*."  *Gardner-Alfred v. Fed. Rsrv. Bank of*

*New York*, No. 22 Civ. 01585, 2023 WL 3495091, at *8 (S.D.N.Y. May 17, 2023) (emphasis

added).  "Rule 37 places the burden on the disobedient party to avoid expenses including

attorneys' fees by showing that his failure is justified or that special circumstances make an

---

[5] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

award of expenses unjust." *Tse*, 568 F. Supp. at 321.  That a party's failure to respond to discovery requests was purportedly "not intentional does not preclude the entry of sanctions against [him]." *Id*.

## DISCUSSION

As is apparent from the factual recitation above, "Plaintiff['s] repeated failures to comply with Court orders and [his] discovery obligations have resulted in a waste of Court time and resources as well as Defendant[s'] time and resources." *Gardner-Alfred*, 2023 WL 3495091, at *16.  Given these failures, the Court previously held that Defendants are entitled to recover their attorneys' fees and costs in connection with Uttarwar's discovery violations, including the costs of Plaintiff's second deposition on July 7, 2023.  June 23 Order 1.

Here, Defendants request three forms of relief.  As alluded to above, the first two requests (to preclude evidence of damages, and to draw an adverse inference) go to the merits of the case and are now moot given the Court's grant of summary judgment to Defendants.  Defendants' motion is therefore denied with respect to those two forms of relief.  Solely at issue here is Defendants' "request[] that plaintiff reimburse [them] for the fees and costs associated with the filing of [their] sanctions motion.  Such fees and costs are properly reimbursable where a party succeeds on a motion for sanctions." *Tse*, 568 F. Supp. 2d at 328.

In light of the procedural history recounted above, the Court finds that sanctions in the form of fees and costs associated with this motion are proper.  Indeed, while Uttarwar's opposition is devoted primarily to arguing that he should not be subject to an adverse inference and should not be precluded from introducing evidence of damages, he all but concedes his liability to cover defendants' fees and costs.  *See generally* Pl.'s Opp'n (providing no meaningful opposition to Defendants' request for fees and costs associated with this motion); *AT & T Corp.*

*v. Syniverse Techs., Inc.*, No. 12 Civ. 01812, 2014 WL 4412392, at \*7 (S.D.N.Y. Sept. 8, 2014) (finding that where a party "did not even discuss [a raised issue] in its opposition brief[,] [the party's] silence concedes the point.").  The Court finds that Plaintiff clearly and repeatedly disregarded his discovery obligations, and he is obligated to bear the costs Defendants incurred not only in seeking relief in the form of their motion to compel, but also in filing for sanctions. *See Cardwell*, 2021 WL 2650371, at \*2 ("Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled.").

Plaintiff spends much of his opposition brief attempting to explain away his repeated failures to comply with his discovery obligations.  But Plaintiff acknowledges that the Court has already held that "Plaintiff shall bear all costs Defendants incurred by reason of his discovery violations, including costs of the deposition, including attorneys' fees."  Pl.'s Opp'n 4 (citing the June 23 Transcript and Order).  And Plaintiff did not file a motion for reconsideration after that Order, and he does not explain why reconsideration would be timely or otherwise appropriate now.[6]  As the Court has already found, Plaintiff flouted his discovery obligations.  And Plaintiffs continued to do so, in spite of the Court's admonition in June 2023 to comply with them moving forward.  In seeking to excuse his failures both before and after that admonition, Plaintiff argues, in essence, that his mistakes were unintentional and that he misunderstood what was asked of

---

[6] Even if the Court were to construe Plaintiff's opposition as a motion for reconsideration, that motion would be untimely.  *See* Local Civ. R. 6.3 ("[A] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment").  Plaintiff's first request for an extension of his time to file an opposition was filed on August 10, 2023—well over fourteen days after the Court's June 23 Order.  Letter Request, ECF No. 58.  Plaintiff filed his opposition two months later, on October 13, 2023.  *See* Pl.'s Opp'n.

him.  *See* Pl.'s Opp'n 6-10.  But he fails to demonstrate that his missteps were reasonable.  For the Court to award sanctions, including reasonable attorneys' fees, it is enough that Plaintiff merely "disregard[ed] h[is] discovery obligations."  *Gardner-Alfred*, 2023 WL 3495091, at *16 (citing *Tse*, 568 F. Supp. 2d at 321 (collecting cases)); *see also Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16 Civ. 01318, 2019 WL 4727537 at *29 (S.D.N.Y. 2019) (imposing monetary sanctions in response to a party's "unjustified failure to obey . . . clearly articulated discovery orders").  The Court sees no reason to disturb the law of the case now, particularly given Plaintiff's failure to offer any reasonable explanation for his delays and failure to comply with discovery requests and orders—including his continuing delays in compliance after the Court's last admonition to him.

## CONCLUSION

For the reasons discussed herein, Defendants' motion for sanctions is **DENIED** in part and **GRANTED** in part.  The parties are hereby **ORDERED** to meet and confer regarding a fees briefing schedule, and to submit a joint proposal by **April 5, 2024**.  Defendants' opening submission shall include an accounting of fees and costs associated with submitting this motion. [7]

The Clerk of Court is directed to terminate ECF No. 45.

SO ORDERED.

---

[7] Defendants have provided an accounting of fees and costs in connection with their June 16, 2023 motion to compel Plaintiff's second deposition.  Gotko Decl. Ex. 7, ECF No. 47-7 (alleging $16,096 in fees and costs).  However, the Court reserves judgment on the final award amount until briefing on all fees and costs owed to Defendants has been completed.

Dated:  March 22, 2024

New York, New York

DALE E. HO

United States District Judge