UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANMOHAN UTTARWAR,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>LAZARD ASSET MANAGEMENT LLC, et al.,<br><br>　　　　　　　　Defendants. | 22 Civ. 8139 (DEH)<br><br>OPINION<br>AND ORDER |

DALE E. HO, United States District Judge:

In this suit, familiarity with which is assumed, Plaintiff Manmohan[1] Uttarwar ("Uttarwar") brought an employment discrimination action against his former employers Lazard Asset Management LLC ("LAM") and Keri Tusa (collectively, "Defendants"). *See Uttarwar v. Lazard Asset Mgmt. LLC*, No. 22 Civ. 8139, 2024 WL 1251177 (S.D.N.Y. Mar. 22, 2024), *aff'd*, No. 24 Civ. 1085, 2025 WL 704278 (2d Cir. Mar. 5, 2025). In an Opinion and Order dated March 22, 2024, the Court granted the Defendants' motion for summary judgment on all of Uttarwar's claims, *see* ECF No. 81, which the Second Circuit affirmed in March 2025, *see* ECF No. 96. Prior to filing their motion for summary judgment, Defendants moved for discovery-related sanctions against Uttarwar pursuant to Rule 37 of the Federal Rules of Civil Procedure.[2] *See* ECF No. 45. The Court subsequently granted in part, and denied in part as moot, Defendants' sanctions motion and ordered the parties to brief the amount of fees and costs to be awarded as sanctions. *See* ECF No. 82. As explained herein, the Court **GRANTS** Defendants' fee motion.

---

[1] The Court adopts this spelling based on the parties' pleadings. Plaintiff's name in this case is docketed as "Mammohan" Uttarwar.

[2] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated. All references to Rules are to the Federal Rules of Civil Procedure.

## LEGAL STANDARDS

In determining appropriate attorney's fees, district courts in this Circuit use the "lodestar method," in which the number of hours reasonably expended is multiplied by a reasonable hourly rate. *McDonald v. Pension Plan of the NYSA–ILA Pension Tr. Fund,* 450 F.3d 91, 96 (2d Cir. 2006) (per curiam). A reasonable hourly rate is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Reasonable fees compensate counsel only for "hours reasonably expended on the litigation," and not for "hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). In setting a reasonable hourly rate, courts consider case-specific variables known as the *Johnson* factors, which include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)). "A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11 Civ. 5243, 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2014).

Once a reasonable rate of pay has been calculated, "the presumptively reasonable fee is calculated by . . . multiplying that rate by the number of hours reasonably expended litigating the case." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Baroco Contracting Corp.*, No.

24 Civ. 1898, 2024 WL 4519836, at *3 (S.D.N.Y. Oct. 17, 2024); *see also Hensley*, 461 U.S. at 433. "If the number of hours recorded by counsel is disproportionate to the work performed, the Court should reduce the stated hours in making its fee award." *Errant Gene Therapeutic, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, 286 F. Supp. 3d 585, 588 (S.D.N.Y. 2018), *aff'd sub nom. Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, No. 15 Civ. 2044, 2018 WL 3094913 (S.D.N.Y. June 21, 2018), *aff'd*, 768 F. App'x 141 (2d Cir. 2019). A court "properly excludes excessive, redundant, or otherwise unnecessary" hours. *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022).

## DISCUSSION

Here, Defendants cumulatively seek $81,566.72 in attorney's fees for (i) the June 16, 2023 motion to compel ($7,556.00 in fees), (ii) Uttarwar's June 7, 2023 deposition ($7,694.50 in fees and $845.47 in expenses), (iii) the August 7, 2023 motion for sanctions ($42,056.25 in fees), and (iv) the April 26, 2024 fee application ($23,414.50 in fees). Defs.' Reply Mem. Law in Supp. Fee Appl. ("Defs.' Reply.") at 10, ECF No. 92. Defendants do not request reimbursement for costs and fees incurred in connection with their motion for summary judgment. Defs.' Mem. Law Supp. Mot. For Sanctions ("Defs.' Mot.") at 16, ECF No. 86.

In opposing Defendants' request, Uttarwar takes issue with the reasonableness of defense counsel's rates and the number of hours for which Defendants seek reimbursement. Pl. Manhoman Uttarwar's Mem. Law in Opp'n. to Defs.' Appl. For Att'y's Fees and Costs ("Pl.'s Resp.") at 1-8, ECF No. 91. Separate from fees, Uttarwar contends that Defendants are not entitled to any costs because they failed to support their fee application with the requisite evidence. *Id.* at 9. The Court concludes Uttarwar's arguments are without merit and **GRANTS** Defendants' Motion.

### A. Reasonableness of Rates

First, Uttarwar argues that Defense counsel's proposed rate schedule is unreasonable because it is inconsistent with market rates in the Southern District. *See* Pl.'s Resp. at 1-2. The Court finds this argument unavailing. To begin, Defense counsel's rates are entirely consistent with the prevailing rates in this District. *Laba v. JBO Worldwide Supply Pty Ltd*, No. 20 Civ. 3443, 2023 WL 4985290, at *14 (S.D.N.Y. July 19, 2023) (collecting cases), *report and recommendation adopted*, 2024 WL 550252 (S.D.N.Y. Feb. 12, 2024); *Vista Outdoor Inc. v. Reeves Family Trust*, No. 16 Civ. 5766, 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (finding hourly rates of $1170-$1260 per hour for partners consistent with rates among firms in New York City *seven years ago*); *In re Relativity Fashion, LLC*, 565 B.R. 50, 69-71 (Bankr. S.D.N.Y. 2017) (citing cases approving similarly high hourly rates and recognizing higher rate appropriate in connection with sanctions motions); *TufAmerica Inc. v. Diamond*, No. 12 Civ. 3529, 2016 WL 1029553, at *6 (S.D.N.Y. Mar. 9, 2016) (noting that average hourly rate for an associate in this district is $531.21 and awarding a rate of $560 for a senior associate more than *nine years ago*). Further, these rates are not just hypothetical; LAM, a sophisticated, repeat client, actually paid these rates. This provides strong evidence that the charged rates are, in fact, reasonable. *Mahan v. Roc Nation, LLC*, No. 14 Civ. 5075, 2015 WL 4388885, at *3 (S.D.N.Y. July 17, 2015) (awarding "actual fees incurred by Defendants based on the hours billed and the attorneys' respective hourly rates."); *In re Stock Exchs. Options Trading Antitrust Litig.*, No. 99 Civ. 962, 2006 WL 3498590, at *9 ("Courts have found that the applicant attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of the market rate."). The Court finds that Defense counsel's billed rates are reasonable.

Second, Uttarwar argues that at least some of Mr. Tharp's work consists of work typically done by a paralegal, and, therefore, should be billed at a lower rate. *See* Pl.'s Resp. at 4. This

4

argument fails. Uttarwar relies on *Hong v. Mommy's Jamaican Market Corporation*, where the Court lowered the billing rate substantially for an attorney who served only as a paralegal during trial. 2024 WL 1242507, at *6 (S.D.N.Y. Mar. 21, 2024). However, this case is inapt for several reasons. To begin, *Hong* arose in the fee-shifting context, without actual billed rates to a client that could shed light on whether the proposed rate was reasonable. Further, Uttarwar's assertion that Mr. Tharp served in a paralegal capacity does not match the facts. Rather than serve entirely as a paralegal for a trial, Mr. Tharp performed only a small amount of work that could even be considered that of a paralegal. For example, a review of the relevant time entries indicates that Mr. Tharp's work is legal analysis appropriate for an attorney. While it is true that Mr. Tharp was responsible for .4 hours of implementing edits from a paralegal cite-check, the Court declines to find that such work is categorically unfit for an attorney. "While this work is undoubtedly less complex than other work that lawyers often perform, it entails the use of legal judgment and, in the Court's experience, is often suited for associates, who can perform the work faster and with less supervision than paralegals." *LV v. N.Y.C. Dep't. of Educ.*, 700 F. Supp. 2d 510, 522 (S.D.N.Y. 2010). Thus, the Court declines to reduce Mr. Tharp's rates based on the type of work performed.

Finally, Uttarwar argues Ms. Beaumonte and Mr. Tharp's rates must be reduced because they failed to demonstrate that their primary focus as attorneys has been on employment law matters. *See* Pl.'s Resp. at 3–4. Again, Uttarwar relies only on cases from the fee-shifting context for their proposed rates. And as noted above, where rates are both actually paid by a sophisticated client and of the level that counsel would normally charge for the performed work, there is strong evidence that said rates are reasonable. Because Ms. Beaumonte and Mr. Tharp appear to be skilled attorneys and the billed work before the Court is of a general, non-employment nature, the Court declines to reduce the requested rates on this basis. That is, the Court finds that a

specialization in employment law would have no bearing on counsel's effective litigation of a sanctions motion. Further, the Court finds that the purpose of the sanctions award would be better effectuated by awarding the actual cost to Defendants from Uttarwar's conduct. *See City of Almaty, Kazakhstan v. Ablyazov*, No. 15 Civ. 5345, 2020 WL 5440553, at *3 (S.D.N.Y. Sept. 10, 2020).

In sum, the Court finds that Defense Counsel's proposed rates are reasonable.

### B. Reasonableness of Hours Billed

Uttarwar next contends that Defendants' time entries are vague and therefore warrant a fee reduction, but this argument too falls short. *See* Pl.'s Resp. at 4-6. Uttarwar argues that entries such as "'[l]egal [r]esearch and 'attention' re: motion for sanctions" and "[r]esearch and draft motion for sanctions," are impermissibly vague. *Id.* at 4 n.1. However, the Court finds that these entries, in context, make it sufficiently "clear to the Court the nature of the work performed." *Peerless Network, Inc. v. AT&T Corp.*, No. 15 Civ. 870, 2024 WL 20840, at *4 (S.D.N.Y. Jan. 2, 2024) (finding entries such as "Prepare for same" or "finalize response for filing" sufficient); *Raniola v. Bratton*, No. 96 Civ. 4482, 2003 WL 1907865, at *4 (S.D.N.Y. Apr. 21, 2003) ("Although some of the entries are fairly general, terms such as 'case preparation' or 'meeting' by one attorney with another are sufficiently concrete, when viewed in context, to permit the court to make a judgement about the reasonableness of the total hours claimed."). All that is required is that "the descriptions of the services provided are sufficient, in context, to allow the Court to evaluate the reasonableness of the time expended." *Union Cent. Life Ins. Co. v. Berger*, No. 10 Civ. 8408, 2013 WL 6571079, at *7 (S.D.N.Y. Dec. 13, 2013); *see also Raniola*, 2003 WL 1907865, at *4 ("The court is not required to assess each entry in isolation; rather, it may use its knowledge of the case and the demands that the issues posed by the case placed on the attorneys

to judge whether counsel were wasting significant amounts of time."). The Court finds that these entries make it sufficiently clear that counsel was engaged in work related to the sanctions motion.

Second, Uttarwar challenges Defendants' billing for the sanctions motion on the grounds that (1) the hours billed were excessive given the motion was only partially granted, and (2) a partner did a majority of the drafting work instead of a junior lawyer. *See* Pl.'s Resp. at 6. The Court disagrees. As to Uttarwar's first point, a partial denial of a sanctions motion does not preclude an award of fees for all work on the motion. *See Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 148 (2d Cir. 2012). Because Defendants ultimately were successful in obtaining relief against Uttarwar for significant discovery violations, a full fee award remains proper. And the total number of hours billed in litigating these motions are comparable to similar cases. *See, e.g.*, *Laba*, 2023 WL 4985290, at *15 ("spending 128.7 hours to brief and prepare for an evidentiary hearing/oral argument on a motion for sanctions is not an unreasonable amount of time"); *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14 Civ. 1254, 2020 WL 4750600, at *3 (S.D.N.Y. Aug. 17, 2020) (finding that 190 hours was a reasonable number of hours to spend on a sanctions motion); *Auscape Int'l v. Nat'l Geographic Soc'y*, No. 2 Civ. 6441, 2003 WL 21976400, at *8 (S.D.N.Y. Aug. 19, 2003) (awarding $69,484 in connection with motion for sanctions).

As to Uttarwar's second point, he misstates the record in arguing the majority of the work on the sanctions motion should not have been done by a senior partner. Pl.'s Resp. at 6. In cases where hours were inappropriately billed by partners for work that should have gone to junior associates, courts in this District have reduced the hourly rate for those hours to that of associates. *See, e.g.*, *Hong*, 2024 WL 1242507, at *6 (S.D.N.Y. Mar. 21, 2024) (reducing rates where partner did work that should have been assigned to a more junior attorney). However, it appears to the Court that the vast majority of the work here (as Defendants represent, around 90%) was, in fact, performed by an associate. Defs.' Mot. at 16 (identifying 57.05 associate hours compared to 6.2

7

partner hours related to the sanctions motion). The Court cannot find that a partner performing 10% of the total time spent working on a motion to be unreasonable.

Finally, Uttarwar contends that the fee award should be reduced because Defendants engaged in block billing for work spent on both summary judgment and sanctions briefing. *See* Pl.'s Resp. at 5. Recognizing that work on summary judgment briefing cannot be compensated by a fee award, Defendants voluntarily reduced their block billed time entries by 50% to account for overlapping work done across motions. Defs.' Mot. at 16 n.3. Uttarwar fails to grapple with the reasonableness of this reduction and instead only highlights commonly recognized problems with block billing. Despite its potential drawbacks, "block billing is not automatically disfavored by courts in this district." *Hnot v. Willis Grp. Holdings Ltd.*, No. 1 Civ. 6558, 2008 WL 1166309, at *6 (S.D.N.Y. Apr. 7, 2008). So long as the Court can determine that the hours billed were reasonable, courts "will not impose an across-the-board penalty simply because a law firm has engaged in a generally accepted billing practice." *Id.*

Here, the mix of compensable and non-compensable work certainly warrants some reduction in fees. *See, e.g.*, *Gonzalez v. Bratton*, 147 F. Supp. 2d 180, 213 (S.D.N.Y. 2001) (reduction because block-billing "renders it difficult to account properly for the expenses related solely to [the compensable] matter"). And here, the 50% reduction proposed by Defendants appears to reasonably ensure that only sanctions-related work is being compensated.

In sum, the Court finds that the number of hours billed is reasonable.

### C. Sufficient Evidence to Entitle Relief as to Costs

Lastly, Uttarwar contends that Defendant failed to adequately document expenses supporting the fee application's requested costs. *See* Pl.'s Resp. at 8-9. The Court, again, disagrees. An award of costs "'normally includes those reasonable out-of-pocket expenses incurred by the attorney,'" but "[t]he fee applicant must submit adequate documentation

supporting the requested . . . costs." *Fisher v. SD Protection, Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (quoting *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)). It is unclear to the Court how Uttarwar believes that Defendants failed to meet their burden. At ECF No. 47-7, Defendants attach an itemized receipt for costs related to the July 7, 2023 Deposition. These are the only costs sought in the pending fee motion, and the Court finds them fully supported by record evidence. Defendants are entitled to these costs.

## CONCLUSION

Because the Court finds Defendants' rates and hours to be reasonable and supported by record evidence, Defendants' motion for $81,566.72 attorney's fees and costs is **GRANTED**. Specifically, the Court awards (i) $7,556.00 in fees in connection with Defendants' June 16, 2023 Motion to Compel, (ii) $7,694.50 in fees and $845.47 in costs in connection with the July 7, 2023 deposition of Uttarwar, (iii) $42,056.25 in fees in connection with Defendants' August 7, 2023 Motion for Sanctions, (iv) $23,414.50 in fees in connection with preparation of this Fee Application.

SO ORDERED.

Dated: November 17, 2025
      New York, New York

DALE E. HO
United States District Judge