UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

MANMOHAN UTTARWAR,

                                      Docket No.: 1:22-CV-8139 (DEH)

*Plaintiff*,

-against-

LAZARD ASSET MANAGEMENT LLC, and
KERI TUSA,

                            *Defendants*.

------------------------------------------------------------------------X

**EMERGENCY MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

Plaintiff Manmohan Uttarwar ("Plaintiff") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(6), for relief from the judgment entered on December 5, 2025 (ECF No. 100) in the amount of $81,566.72. This motion is made on the grounds of mistake, inadvertence, excusable neglect, and for other reasons that justify relief. As demonstrated below, the extraordinary circumstances of this case warrant setting aside the judgment to allow Plaintiff to be heard on the merits of his objections to the fee award.

**PROCEDURAL BACKGROUND**

On March 22, 2024, this Court granted Defendants' motion for sanctions in part and ordered a briefing schedule for Defendants' fee application. (ECF No. 82). On April 26, 2024, Defendants filed their fee application seeking $81,566.72. (ECF Nos. 86-87). Plaintiff filed opposition papers. (ECF Nos. 88-91).

On December 5, 2025, more than 19 months after the fee application was fully briefed, the Court entered judgment in favor of Defendants. (ECF No. 100). Plaintiff was not provided advance notice that judgment would be entered.

1

On January 5, 2026, Plaintiff filed a document captioned Plaintiff's Objection to Proposed Judgment setting forth substantial grounds for reducing or denying the fee award. (ECF No. 102). Plaintiff filed this document in good faith, believing judgment had not yet been entered or that objections could still be heard.

On January 7, 2026, Defendants filed a letter arguing that Plaintiff's filing was procedurally improper. (ECF No. 103). Plaintiff now seeks relief under Rule 60(b) to allow his substantive objections to be considered.

**LEGAL STANDARD**

Rule 60(b) permits a court to relieve a party from a final judgment for several reasons, including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). A motion under Rule 60(b)(1) must be made within a reasonable time, not exceeding one year. Fed. R. Civ. P. 60(c)(1). A motion under Rule 60(b)(6) must be made within a reasonable time. *Id.*

The determination of what constitutes excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Factors include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Rule 60(b)(6) provides relief from judgment for "any other reason justifying relief" and is used "only when there are extraordinary circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986). In the present case, the integrity of the judicial process has been seriously impaired. Resort to Rule 60(b)(6) is therefore proper.

## ARGUMENT

### I. PLAINTIFF'S FAILURE TO TIMELY OBJECT CONSTITUTES EXCUSABLE NEGLECT

Plaintiff's failure to file a proper objection before judgment was entered constitutes excusable neglect under the *Pioneer* factors:

**A. No Prejudice to Defendants**

Defendants will suffer no prejudice from a brief delay in finalizing the judgment. They obtained complete victory on the merits when the Court granted summary judgment dismissing all fourteen claims. The only issue is the amount of sanctions, which constitutes a purely legal question that does not require additional discovery or factual development. Allowing Plaintiff to be heard will cause no harm to Defendants beyond a short delay in collecting a judgment they are legally entitled to pursue regardless of this motion's outcome.

**B. Minimal Length of Delay**

The delay is minimal. Judgment was entered December 5, 2025. Plaintiff filed his objection on January 5, 2026, exactly one month later and within thirty days if the period is automatically extended due to the last day being a Sunday. This motion follows just days after Defendants' January 7, 2026 letter. This brief delay has no impact on judicial proceedings.

**C. Reason for Delay**

The delay was not entirely within Plaintiff's reasonable control. Plaintiff received no advance notice that judgment would be entered. The fee application was fully briefed back in May of 2024. Nineteen months passed with no ruling. When Plaintiff learned that Defendants sought to register the judgment in New Jersey, he reasonably believed he could still object. He filed his objection thereafter. Plaintiff's confusion about the procedural posture is understandable given the nineteen-month delay between briefing and judgment.

3

### D. Good Faith

Plaintiff acted in good faith. His objection raises substantial arguments, including that his laptop was physically broken during discovery making document production impossible and that Defendants suffered no prejudice because they prevailed on all claims. These are not frivolous arguments. They go to the fundamental fairness of an $81,566.72 penalty assessed an individual Plaintiff.

## II. EXTRAORDINARY CIRCUMSTANCES JUSTIFY RELIEF UNDER RULE 60(b)(6)

Even if this Court finds no excusable neglect, extraordinary circumstances warrant relief under Rule 60(b)(6).

First, the nineteen-month delay between briefing and judgment is highly unusual and created reasonable confusion about the case's procedural status. Plaintiff monitored the docket but received no notice of judgment until Defendants wrote that they sought to enforce it in another jurisdiction.

Second, Plaintiff's substantive arguments have considerable merit. His testimony that his laptop was broken and at a repair shop is undisputed and was never addressed by the Court. This provides substantial justification for discovery failures and negates willfulness. The Court's March 22, 2024 Opinion does not mention this critical fact. Additionally, $16,095.97 of the judgment (for the motion to compel and second deposition) may be duplicative of fees already awarded in a June 23, 2023 Order.

Third, the judgment amount, $81,566.72, is extraordinarily high for discovery delays that caused no demonstrable harm. Defendants prevailed on all claims. The supposedly missing documents were irrelevant to that outcome. Enforcing this judgment without allowing Plaintiff to be heard would lead to manifest injustice.

Fourth, principles of fairness strongly favor allowing Plaintiff to be heard. He filed substantive objections before learning that judgment had been entered. He acted diligently and in good faith. To deny him the opportunity to present his arguments based on a timing technicality would elevate form over substance.

Where justice so requires, Rule 60(b)(6) permits relief even where other subdivisions of Rule 60(b) might not apply. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988). The combination of extraordinary delay, lack of notice, substantial merits, and Plaintiff's good faith response constitutes such exceptional circumstances.

### III. THE INTERESTS OF JUSTICE REQUIRE THAT PLAINTIFF BE HEARD

The purpose of sanctions is to compensate the harmed party and deter misconduct, not to punish. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Here, an $81,566.72 judgment against an unemployed plaintiff for discovery delays that caused no harm to defendants who won on all claims appears punitive rather than compensatory.

There is no evidence that the Court has fully considered Plaintiff's arguments regarding the broken laptop that made document production physically impossible, the absence of any prejudice to fully prevailing Defendants, the gross disproportion between the $81,566.72 penalty and a three-week delay; and Plaintiff's prompt remedial action and good faith throughout. These are substantial arguments that go to the fundamental fairness of the judgment. The interests of justice require that they be considered.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Grant this motion and vacate the judgment entered on December 5, 2025 (ECF No. 100);
2. Consider Plaintiff's January 5, 2026 objection (ECF No. 102) on the merits;

3. Deny Defendants' fee application or reduce the award substantially; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 9, 2026

                                          BALLON STOLL P.C.

                              By: *s/Marshall Bellovin*
                                    Marshall Bellovin, Esq. (MB5508)
                                    *Attorneys for Plaintiff*
                                    810 Seventh Avenue, Suite 405
                                    New York, New York 10019
                                    212-575-7900
                                    mbellovin@ballonstoll.com