UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANMOHAN UTTARWAR,

                Plaintiff,

          v.

LAZARD ASSET MANAGEMENT LLC, et al.,

                Defendants.

---

22 Civ. 8139 (DEH)

MEMORANDUM
OPINION AND ORDER

---

DALE E. HO, United States District Judge:

This Opinion addresses several motions filed by Plaintiff Manmohan[1] Uttarwar that, in essence, seek relief from an award of sanctions for Defendants in the amount of $81,566.72 in attorney's fees and costs. *See* ECF Nos. 102, 104. Uttarwar also seeks an extension of time to file an appeal of said judgment. *See* ECF No. 105. For reasons explained below, the Court **DENIES** Plaintiff's motions for relief from the fee award judgment.

## BACKGROUND

In this action, Uttarwar brought an employment discrimination action against his former employers Lazard Asset Management LLC ("LAM") and Keri Tusa (collectively, "Defendants"). In an Opinion and Order dated March 22, 2024, the Court granted Defendants' motion for summary judgment on all of Uttarwar's claims. *See Uttarwar v. Lazard Asset Mgmt. LLC*, No. 22 Civ. 8139, 2024 WL 1251177 (S.D.N.Y. Mar. 22, 2024) (the "Summary Judgment Opinion"). The Second Circuit affirmed in March 2025. *See* No. 24 Civ. 1085, 2025 WL 704278 (2d Cir. Mar. 5, 2025).

---

[1] The Court adopts this spelling based on the parties' pleadings. Plaintiff's name in this case is docketed as "Mammohan" Uttarwar.

Prior to filing their motion for summary judgment, Defendants moved for discovery-related sanctions against Uttarwar pursuant to Rule 37 of the Federal Rules of Civil Procedure.[2] *See* ECF No. 45. On the same date that the Court granted summary judgment to Defendants, it also granted in part, and denied in part as moot, Defendants' sanctions motion and ordered the parties to brief the amount of fees and costs to be awarded as sanctions. *See* ECF No. 82 (the "Sanctions Order"). The events precipitating the Sanctions Order are recounted in detail therein, *see id.* at 2-4, but in brief, they include:

(1) repeated failures by Plaintiff to respond fulsomely to discovery requests, including a failure to provide verified interrogatory responses and a complete failure to produce responsive documents;

(2) Plaintiff's request to extend the discovery period, which the Court granted, followed by a failure by Plaintiff to make use of the extension to take discovery or respond to document requests;

(3) Plaintiff's admission at his first deposition that he possessed previously undisclosed documents responsive to Defendants' requests;

(4) after Defendants filed a motion to compel, Plaintiff's subsequent only partial compliance with Defendants' discovery requests;

(5) a June 23, 2023 order, *see* ECF No. 38 (the "Deposition Order") permitting a second deposition of Plaintiff in which the Plaintiff would bear all costs, including attorney's fees, with the Court admonishing that Plaintiff's conduct had been "fairly outrageous" and "cavalier" with respect to his discovery obligation, June 23, 2023 Conf. Tr. at 12:9-13, ECF No. 42; and

(6) further delay by Plaintiff (an additional three and a half months) in responding to Defendants' interrogatories and in (only partially) producing responsive documents— which occurred four months after the close of fact discovery and two months after Defendants had moved for summary judgment.

*See* Sanctions Order at 2-4. In response to Defendants' sanctions motion, Plaintiff focused mainly on arguing that he should not be subject to an adverse inference or precluded from introducing

---

[2] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated. All references to Rules are to the Federal Rules of Civil Procedure.

certain evidence, but "all but concede[d] his liability to cover [D]efendants' fees and costs." *Id.* at 6. In the Sanctions Order, the Court granted in part Defendants' motion for sanctions, reaffirming the Deposition Order's holding that Plaintiff shall bear the fees and costs incurred by Defendants related to Plaintiff's second deposition, and further ordering that Plaintiff bear the costs and expenses associated with the motion to compel that deposition, and Defendants' motion for sanctions. *See id.* at 7.

The parties subsequently briefed the amount of attorney's fees and costs. In a November 17, 2025 Opinion and Order, the Court awarded Defendants $81,566.72 in attorney's fees and costs, which also included fees related to briefing the amount of fees. *See* ECF No. 98 (the "Fees Order"). On December 5, the Court entered Judgment in Defendants' favor with respect to the fee award. *See* ECF No. 100.

Thirty-one (31) days later, after the time to appeal the Fees Order had run, Defendants sought to register the judgment in the District of New Jersey. *See* ECF No. 101. Only at this point, Plaintiff, for the first time, indicated an objection to the Court's November 2025 Fees Order, opposing registration of the Judgment in a letter filed with the Court. *See* ECF No. 102. The Court treats this letter as a motion for reconsideration of the Fees Order. Plaintiff followed up four days later with a motion for relief from the judgment, pursuant to Federal Rules of Civil Procedure 60(b)(1) and (b)(6). *See* ECF No. 104. The same day, Plaintiff also filed a request for an extension of time to file a notice of appeal. *See* ECF No. 105. The Court addresses the motions in turn.

## DISCUSSION

### I.    Motion for Reconsideration

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "[T]he . . . standard for a

district court to grant such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and might reasonably be expected to alter the conclusion reached by the court." *Smith v. CVS Albany, LLC*, No. 20 Civ. 4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022). Courts also grant reconsideration to "correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014). That said, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).

In essence, Plaintiff's motion here seeks to relitigate the issue of whether Plaintiff should bear the fees and costs incurred by Defendants arising as from Plaintiff's discovery misconduct. These expenses include those related to (1) Defendants' motion to compel his second deposition; (2) the taking of that deposition itself; (3) sanctions briefing; and (4) briefing as to the amount of fees due.

As to the second item, fees and costs associated with the deposition itself, the Court ordered that Plaintiff bear these expenses two and a half years ago in the June 2023 Deposition Order. *See* Deposition Order; Sanctions Order at 7. Well before this matter was reassigned to me, Judge Furman found that Plaintiff's conduct during discovery was "fairly outrageous and . . . fairly cavalier [regarding] plaintiff's discovery obligations." June 23, 2023, Tr. 12:9-13, ECF No. 42. Judge Furman accordingly ordered that "Plaintiff shall bear all costs Defendants incurred by reason of his discovery violations, including the costs of the deposition, including attorneys' fees." *See id.* at 12:15-23; Deposition Order. Plaintiff did not seek reconsideration of that Order around the time that it was issued.

And then, even after the Deposition Order and Judge Furman's admonitions, Plaintiff continued to flout his discovery obligations, ultimately leading to this Court's March 2024 Sanctions Order, which, as relevant here, reaffirmed his obligation to bear the costs and fees associated with his second deposition, and further ordered fees and costs in connection with briefing on the motion to compel and the motion for sanctions. *See* Sanctions Order. In sum, at this point, fees and costs had largely been awarded—only the *amount* of the award was to be determined subject to future briefing. *See* Fees Order. But Plaintiff did not seek reconsideration of the Sanctions Order around the time of its issuance almost two years ago.

Plaintiff's reconsideration motion, which was filed in response to the recent November 2025 Fees Order, does not dispute anything substantive about the Court's decision calculating the amount of the fees award, such as the reasonableness of Defendants' rates. Rather, it simply asserts that the "amount is grossly disproportionate." ECF No. 102 at 2. But the Court's Fees Order carefully walked through Defendants' rates and the hours that Defendants' co-counsel expended in connection with the underlying motion to compel and in preparation for a second deposition of the Plaintiff—which was necessitated due to Plaintiff's sanctionable conduct, *see* Sanctions Order at 3-4—and deemed them reasonable, *see* Fees Order at 3-9. Plaintiff's conclusory assertion that the award is excessive is entirely unsubstantiated, and certainly does not meet the stringent threshold for a motion for reconsideration.

Thus, although Plaintiff's submission is framed as response to the November 2025 Fees Order setting the amount of fees due, it is in substance devoted to re-litigating whether sanctions in the form of costs and fees are appropriate at all, *see* ECF No. 102 at 1-2 (arguing that Plaintiff did not act willfully, that Defendants did not suffer prejudice, and that Plaintiff acted in good faith)—implicating issues that, as noted, were decided through a series of previously-issued orders starting with Judge Furman's June 2023 Deposition Order, and then again in this Court's March

2024 Sanctions Order. It is rather late to seek reconsideration of those decisions. In any event, none of Plaintiff's arguments raise any errors of law or fact that establish the sort of "rare circumstances" that might justify reconsideration of those Orders.

For example, Plaintiff argues that Defendants are not entitled to fees based on his failure to produce responsive documents because "Plaintiff's laptop was physically broken and at a repair shop during the relevant discovery period," but this point was raised previously, *see* Pl.'s Opp. to Defs.' Mot. for Sanctions at 5, ECF No. 67 (noting that Plaintiff's laptop was "at a repair shop for over a month"). This point is unavailing. In its Sanctions Order, the Court noted that Plaintiff, at his first deposition, "disclosed for the first time that he had searched neither his personal laptop nor his personal email account for documents responsive to Defendants' discovery requests," ECF No. 82 at 4 n.3—failures that cannot be explained by his laptop being in a repair shop for "over a month," as the discovery period was obviously much longer than one month, and there has been no representation or reason to think that Plaintiff's personal email account was available only through that one laptop. Nor does Plaintiff's broken laptop excuse explain why he waited until his first deposition to inform Defendants of the unproduced documents, or why he waited several additional months after the Deposition Order to finally produce (some of) them. *See* Sanctions Order at 7-8.

As to his protestations of good faith, Plaintiff simply regurgitates the same arguments rejected by the Court in the March 2024 Sanctions Order. *See id.* The Court declines to allow Plaintiff to use a motion for reconsideration—filed more than two and a half years after he was first ordered to pay certain costs and fees, and almost two years after he was definitively found to have engaged in sanctionable conduct—to obtain "a second bite at the apple" (or really, a third bite). *Analytical Survs., Inc.* 684 F.3d at 52. Accordingly, the Court **DENIES** the motion for reconsideration.

6

## II.    Motion to Set Aside the Judgment

Plaintiff separately seeks relief from judgment under two provisions of Rule 60(b): 60(b)(1) and 60(b)(6). The Court concludes Plaintiff's arguments are meritless.

### A. Legal Standard

"A denial of a motion to vacate a judgment under Rule 60(b) is reviewed for abuse of discretion[.]" *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023). Rule 60(b) provides "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Under Rule 60(b), a court may grant a party relief from final judgment and reopen a case because: (1) of mistake or excusable neglect; (2) of newly discovered evidence; (3) of fraud; (4) the judgment is void; (5) applying the judgment is no longer equitable, or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

### B. 60(b)(1)

Under Rule 60(b)(1), a court may relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect." *Crispin v. Roach*, 2025 WL 1364089, at *2 (2d Cir. 2025). Where a party (or their attorney) can demonstrate good cause for the failure to meet a deadline, Rule 60(b) allows a Court, in its discretion, to grant relief from judgment. This rule most commonly applies in the case of judgments entered as a result of missed deadlines, failure to prosecute, and default. The Court must balance the interest in finality of judgments with the similarly important goal of reaching the merits of disputes where possible. *See Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986); *see also MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755-56 (8th Cir. 1996). Thus, when a minor failure by a party leads to the entry of judgment against them, Courts are authorized to grant relief under Rule 60(b) to allow adjudication on the merits if the party makes a showing of good cause for the error.

7

Rule 60(b)(1) is inapplicable here. Counsel for Plaintiff certainly made many errors in this litigation, but the issue before the Court has nothing to do with missed deadlines or anything analogous. Plaintiff had the opportunity to litigate whether and how much in fees would be awarded for his gross discovery misconduct in this matter. Judgment was entered precisely because the Court reached the merits, not based on a procedural misstep. *Compare Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997) (declining to find excusable neglect as relating to a missed filing deadline); *Crispin*, 2025 WL 1364089, at *2 (declining to find excusable neglect as relating to repeatedly missed conferences). Accordingly, the Court **DENIES** the motion for relief from judgment under Rule 60(b)(1).

### C.  60(b)(6)

Under Rule 60(b)(6), a court may grant relief from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Courts reserve this relief for extraordinary circumstances, such as "when the judgment may work an extreme and undue hardship." *Nemaizer*, 793 F.2d at 63 (collecting cases). To make that determination, a court may consider factors such as "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 580 U.S. 100, 123 (2017). "[A] Rule 60 motion may not be used as a substitute for appeal," and "a claim based on legal error alone is inadequate." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009).

Plaintiff fails to meet the high burden required for relief under Rule 60(b)(6). As already noted, Plaintiff had ample opportunities to brief the issue of attorney's fees, and the amount of such fees. And while Plaintiff argues that Defendants suffered no prejudice in this matter because they ultimately obtained summary judgment on all claims, the fact that a litigant ultimately suffers legal defeat does not authorize them to engage in sanctionable conduct along the way. In any event, Plaintiff's contention is incorrect. The prejudice here was in the form of the more than

8

$80,000 in fees and costs expended by Defendants as a result of Plaintiff's "outrageous" discovery misconduct. Basic principles of equity counsel that Plaintiff, and not Defendants, should bear those costs.

The motion also fails under Rule 60(b)(6) because Plaintiff raises no meritorious legal arguments and identifies no errors of fact. It would be injustice to the parties and serve only to undermine the judicial process to allow this last-ditch effort to overturn a judgment years in the making. Plaintiff is entitled to appeal the judgment as entered. However, the Court concludes that it would be inappropriate to address Plaintiff's arguments under Rule 60(b)(6). Accordingly, the motion under Rule 60(b)(6) is **DENIED**.

### III.    Extension of Time to File Notice of Appeal

Compliance with the time limits for filing a notice of appeal is "mandatory and jurisdictional." *Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 55 (2d Cir. 1997) (internal quotation marks and citation omitted). Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure permits a district court to extend the time to file a notice of appeal provided that the extension is (1) sought within 30 days of the deadline set by Rule 4(a)(1) and the movant shows "excusable neglect or good cause." *Chiulli v. I.R.S.*, No. 03 Civ. 6670, 2005 WL 2446233, at *1 (S.D.N.Y. Oct. 4, 2005). "The power of the federal courts to extend [the] time limitation [for filing a notice of appeal] is severely circumscribed." *Endicott Johnson Corp*, 116 F.3d at 56. Despite the flexibility of the "excusable neglect" standard and the existence of a four-factor test in which three of the factors usually weigh in favor of the party seeking the extension,[3] it is appropriate to

---

[3] The factors to be considered in evaluating excusable neglect include "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within reasonable control of the movant, and [4] whether the movant acted in good faith." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003).

focus on the third factor: "the reason for the delay, including whether it was within reasonable control of the movant." *Bass v. NYNEX*, No. 02 Civ. 5171, 2004 WL 2674633, at *2 (S.D.N.Y. Nov. 23, 2004).

Plaintiff's motion, while within the 30-day limit prescribed by Rule 4(a)(5), must be denied for the failure to show "excusable neglect" or "good cause." While the Court acknowledges that Plaintiff's motion comes only five days after the deadline to notice an appeal, Plaintiff provides no basis for why his failure to meet the deadline should be excused. The entirely of Plaintiff's justification is below:

> The Plaintiff's failure to file a timely notice of appeal resulted from circumstances largely beyond his control. Plaintiff received no advance notice that judgment would be entered. The fee application was fully briefed in May 2024. Nineteen months passed with no ruling. Plaintiff first learned judgment had been entered on January 5, 2026, only one day after the appeal deadline, assuming that no allowances are made for the deadline falling on a Sunday, when Defendants sought to register the judgment in New Jersey. Plaintiff did file an objection on January 5, 2026. The combination of no notice and extraordinary delay between briefing and judgment constitute substantial reasons for the one-day delay.
>
> \*       \*       \*
>
> Plaintiff acted in complete good faith. He monitored the docket throughout the case. He did not intentionally disregard the appeal deadline. This is precisely the type of innocent mistake that the excusable neglect standard is designed to remedy.

ECF 105 at 3. The Court is confused by the logic of Plaintiff's contention that he "monitored the docket" but also "did not receive notice" of the Judgement in time to file a timely notice of appeal. While the Court acknowledges the significant time period between the conclusion of briefing and ultimate ruling on this dispute, the Fees Order was docketed on November 17, 2025. Defendants filed a proposed Judgment on December 5, which the Court adopted the same day. 31 days later, Defendants attempted to certify the Judgment for registration. Plaintiff still did not seek an extension at the time but rather waited four more days before doing so. If, as Plaintiff asserts, he actively "monitored the docket throughout the case" then he had ample notice of the pending

judgment.  If instead, Plaintiff failed to monitor the docket, then he may not have received notice—

but there is no authority for the proposition that such a failure to monitor a docket constitutes

excusable neglect or good cause under Rule 4(a)(5).

While Plaintiff contends such an outcome would be unjust, the Second Circuit has

indicated a preference for strict enforcement of these limitations:

> We operate in an environment, however, in which substantial rights may be, and often are, forfeited if they are not asserted within time limits established by law. . . . But the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced—where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the [time] bar.

*Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d at 367–68.  Further, many other Courts, both within

this district and beyond, have found that Plaintiff's stated explanation for missing the deadline—

or rather, lack thereof—cannot constitute excusable neglect or good cause.  *Weinstock v. Cleary,*

*Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir.1994) (affirming denial of Rule 4(a)(5)

extension where delay was due to a misunderstanding of the rules, even though the rule in question

was a "a 'trap' for the unsuspecting litigant.");  *Bethea v. Potter*, No. 01 Civ. 11492, 2003 WL

22023968, at *3 (S.D.N.Y. Aug. 27, 2003) (declining to find a busy work schedule or stress

constitutes excusable neglect or good cause);  *Chiulli*, 2005 WL 2446233, at *3 (declining to find

busy travel schedule constitutes excusable neglect or good cause); *Bass*, 2004 WL 2674633 at *3

(denying motion for an extension of time to file an appeal where pro se plaintiff, a traveling

salesman, claimed he filed late because his work "takes up a lot of his time"); *Worthy v. General*

*Longshoremen's Workers Int'l,* 01 Civ. 3683, 2003 WL 260520 at *2 (E.D. La., Feb.4, 2003)

(denying extension where Notice of Appeal was one day late because counsel erroneously

excluded legal holidays when computing the 30–day period.); *Villa v. Village of Elmore,* 252

F.Supp.2d 492, 494 (N.D. Ohio 2003) ("Miscalculation of the time period does not rise ... to the standard of excusable neglect.").

The Court concludes that Plaintiff has failed to show excusable neglect or good cause meriting an extension. Accordingly, the Motion is **DENIED**.

## CONCLUSION

As explained herein, the Court **DENIES** both of Plaintiff's motions for relief from the fee award judgment. Plaintiff's motion for an extension of time to file a notice of appeal is also **DENIED** for failure to show excusable neglect or good cause.

The Clerk of Court is respectfully directed to terminate ECF Nos. 104 and 105. The Clerk of Court is further directed to certify the Judgment in this case, to be registered in another district, as requested by Defendants. *See* ECF No. 101.

SO ORDERED.

Dated: January 14, 2026
   New York, New York

_____
            DALE E. HO
      United States District Judge

12